### SHOEMAKE et al. v. GILLESPIE.

#### No. 7470.

Court of Civil Appeals of Texas. Austin.

May 21, 1930.

Rehearing Denied June 11, 1930.

R. G. Hughes, of San Angelo, for appellants.

Robert P. Brown and D. I. Durham, both of San Angelo, for appellee.

BAUGH, J.

Appellee sued G. B. Shoemake & Sons for a balance due under a lease contract made by her with them on October 26, 1925, whereby she leased to said Shoemake & Sons 640 acres of land in Schleicher county for a period of five years, at a rental of $640 per year. She also declared a forfeiture of the lease and sought recovery of said premises on the ground that Shoemake & Sons had subleased a part of said premises to Jno. L. Gray, without her consent.

Gray filed a disclaimer. Shoemake & Sons alleged offsets against rentals due, setting up improvements made by them on the premises, alleged to exceed in value the amount of the rentals. They also defended against the charge of subleasing on the ground that Jno. L. Gray was not a sublessee, but a mere "cropper" on the halves, and that as such he was an employee of Shoemake & Sons, and not a tenant.

The trial was to a jury on special issues. Based upon their answers thereto, the trial court rendered judgment in favor of appellee against Shoemake & Sons for the sum of $790

unpaid rentals, and against all the appellants for a recovery of the premises.

This appeal presents two propositions: 1. That the court erred in permitting the attorney for appellee, in his argument to the jury, to tell the jury the legal effect of their answer to the question submitted to them as to whether Shoemake & Sons had subleased a part of the premises to Gray.

2. That the evidence showed that Gray was in fact a mere cropper on the halves, and, as such, an employee of Shoemake & Sons, and not a sublessee.

We do not sustain either of these contentions. The general rule is now well settled that counsel in argument to the jury should not tell them the legal effect of their answers, but, in view of our conclusion on the second proposition, the first proposition becomes immaterial. The distinction between what constitutes a cropper on the halves an employee and what constitutes him a tenant is clearly stated in Cry v. Bass Hardware Co. (Tex. Civ. App.) 273 S. W. 347, 350; approved in Brown v. Johnson (Tex. Com. App.) 12 S. W.(2d) 543, 545. With this distinction clearly explained to them in the court's charge, the jury found from the evidence that Shoemake & Sons had, as a matter of fact, subleased a part of the premises to Gray. The determination of this question was a question of fact for the jury.

The evidence discloses that Shoemake & Sons entered upon the premises at the beginning of their lease, constructed a house thereon, cleared off and put in cultivation additional acreage, erected a windmill, cleaned out a well, and made other minor improvements. That they lived in this house on the premises, running stock on the pasture land and cultivating the fields during the first part of said lease. That about January 1, 1929, said Gray moved into said house, under a contract with Shoemake & Sons that he was to have possession thereof for the year 1929, to live in and use same as his home for that year, and was to cultivate the farm land on the halves, Shoemake & Sons furnishing teams and tools. Shoemake & Sons continued to use the pasture land for grazing purposes. The character of crops to be planted was agreed upon between them and Gray.

These facts clearly gave Gray more than a mere right of ingress and egress to the premises for the purpose of working the fields. The exclusive occupancy and use of the house on the premises, and the right of possession of same as his home, was surrendered to him by Shoemake, as was his possession and use of the fields also. Having thus surrendered their right to possession of the part of the premises to Gray for a definite period of time, the contract between Shoemake & Sons and Gray under the undisputed evidence, and as a matter of law, constituted a subletting of at least a part of the premises to Gray. This subletting was without the consent of the landlord, and a breach of her contract with them, and was in violation of article 5237, Rev. St. 1925. She was, therefore, at her option entitled to recover possession of the premises as against all of the appellants. Stubblefield v. Jones (Tex. Civ. App.) 230 S. W. 720; Elliott v. Dodson (Tex. Civ. App.) 297 S. W. 520.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.