**HERMAN et al. v. ROUNTREE et al.**

No. 14433.

Court of Civil Appeals of Texas.
Fort Worth.

May 29, 1942.

upon the hearing of the motion for new trial. Appellee resists the motion.

One of the grounds urged in the motion for new trial is based upon an alleged conversation which took place during the trial between counsel for appellee and one of the jurors. Upon the hearing of the motion for new trial, counsel for appellants took the witness stand and testified that he overheard the alleged conversation, and further testified as to the details of the conversation. Also, according to the reply filed by appellee here, the following took place.

After the perfection of the appeal, appellants' counsel tendered to appellee's counsel a statement of facts including in question and answer form the testimony taken upon the trial of the cause, and also a narrative statement of the testimony given by appellants' counsel upon the hearing of the motion for rehearing. Appellee's counsel agreed to that portion of the statement of facts which included the court reporter's transcript of the testimony taken upon the trial of the cause, but did not agree to the narrative statement of the testimony of appellants' counsel taken upon the hearing of the motion for new trial.

The transcript of the testimony taken upon the main trial has been agreed to by the parties, and has been filed in this court within the required time, and it may be said that there is no controversy as to it.

The reply further states that, without further notice to appellee's counsel, the narrative statement referred to was submitted to the trial court and approved by him, and tendered to this court with the motion asking for leave to file same.

The reply asserts that appellee had no opportunity of calling to the attention of the trial court certain portions of the testimony of appellants' counsel which the reply alleges to have been omitted from the narrative statement approved by the trial court. The said narrative statement was filed in the trial court on May 6, 1942, the same day the judge approved the same, which was more than 60 days after the order overruling the motion for new trial.

Within the proper time appellant filed in this court a motion, under Rule 386, Rules of Civil Procedure, to extend the time for filing the statement of facts, which we shall also dispose of at this time.

Appellee's contentions are, in substance, that it had no opportunity to avail itself

Milton Simon and G. L. Robertson, both of Fort Worth, for appellants.

Leffingwell, Currie & Davis, of Dallas, for appellees.

McDONALD, Chief Justice.

Appellants have filed a motion asking leave to file a supplemental statement of facts, covering certain testimony adduced

of the right to demand a transcript in question and answer form of the testimony of appellants' counsel, as provided by Rule 377(a), that the supplemental statement of facts cannot be filed because the trial court did not extend the time for filing in the trial court, as allowed by Rule 381, that appellee had no notice of the submission of the proposed narrative statement to the trial court for his approval, that the narrative statement tendered does not contain all the testimony taken but only such portion of it as is favorable to appellant, that the testimony of appellants' counsel was given only after arguments on the motion for new trial had been made and the court had indicated that he would overrule the motion because of lack of proof of the allegations of the motion, that the new rules of procedure do not provide for a supplemental statement of facts covering testimony given as was done in this case upon the hearing of the motion for new trial, but that such testimony can be preserved only in a bill of exceptions, that appellants have not used due diligence in filing the statement of facts within the required time and have made no attempt to secure an agreed statement in narrative form of the testimony in question, and that the approval of the trial court to the narrative statement was had after the trial court had lost all jurisdiction over this cause, it being more than sixty days after the motion for new trial was overruled.

We have concluded to grant both motions filed by appellants.

Rule 327 provides that the trial court shall hear evidence, upon proper motion, from the jury or others of any communication made to the jury.

Rule 372 provides that if testimony is heard upon a motion it may be preserved by bill of exception or statement of facts.

Rule 377(a) provides that a statement of facts in narrative form shall be submitted to the opposite party or his counsel, and that the latter, if dissatisfied, may require a statement of all or part of the testimony in question and answer form.

Rule 377(d) provides that it shall not be necessary to obtain the approval of the trial court if the statement of facts is agreed to by the parties, but that if any difference arises, or if the opposing party fails to agree or disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court and the statement of facts be made by him to conform to the truth.

We find no requirement in the rules for the giving of any notice to the opposing party, where he fails to agree or disagree with the proposed statement of facts, of the submission of the matter to the trial court. The terms of the rules themselves, Rule 377(d) are notice to him of what will occur if he does not agree or disagree within ten days. The burden is then upon him to present his views to the trial court, for he knows that it has become the duty of the trial court to settle the matter. If he does not see fit to present his views to the trial court before the matter is settled, then he at least ought to inspect the statement as it is finally approved by the trial court, in order that he might point out to the trial court, and not to the appellate court, any inaccuracies or omissions in the statement.

The supplemental statement tendered here begins with the number and style of the cause, followed by the declaration of the trial court that it appears to him that the respective parties have been unable to agree or stipulate on the statement of facts on the hearing of the motion for new trial, and that, to use the language there found, "it is hereby ordered that the following be filed herein as a narrative statement of the testimony", etc. The narrative of the testimony of the witness then follows, after which there appears an order for its filing, and the signature of the judge of the trial court.

It thus appears that the trial court was following the requirements of Rule 377(d).

Whether or not we are required to consider the recitations of facts contained in the reply of appellee filed in this court, it has made no showing of any objections made to the trial court, either before or after he settled the statement of facts, nor has appellee shown any effort to bring here any record of any evidence other than that contained in the statement of facts filed and tendered by appellants.

The approval by the trial court and the order for the filing of the narrative statement was a sufficient compliance with Rule 381(b), where there was pending in this court a motion for extension of time for filing the record.

We are aware of the fact that many of the provisions of the new rules of procedure have not been interpreted by the courts, and that there is some confusion among counsel as to the proper interpretation to be given them. For a reasonable time, it will be the policy of this court to be liberal in allowing parties every reasonable opportunity to bring before this court so much of the record made below as they shall consider necessary to a proper presentation of their causes here. Rule 428 allows the appellate courts broad discretion in this respect. Therefore, it is ordered herein that either party shall have thirty days from this date to file herein such additional or supplemental statement of facts as he may wish, prepared as conditioned by Rule 377.