**PATRICK et al. v. SIMPSON et al.**

No. 5998.

Court of Civil Appeals of Texas. Texarkana.

Dec. 4, 1942.

Rehearing Denied Dec. 10, 1942.

Charles M. Cocke and P. O. Lopp, both of Dallas, and Marvin Roberson, of Fort Worth, for appellants.

P. G. Henderson, of Jefferson, and Abney & Abney, of Marshall, for appellees.

HALL, Justice.

This is a suit in trespass to try title instituted by Roland C. Simpson against Mrs. Gustavia Patrick and husband, J. P. Patrick. During the pendency of the suit Roland C. Simpson conveyed the land in controversy to appellee Mrs. Birdie Simpson, and she and her husband were substituted in the court below as plaintiffs. The first count in appellees' amended petition is a statutory action of trespass to try title. In the second count title to the land is asserted under the 3, 5 and 10 year

statutes of limitation. Appellants answered by general demurrer, general denial, and plea of not guilty. Trial was to the court without a jury, and resulted in a judgment for appellees for title and possession of the land. No findings of fact nor conclusions of law were filed by the trial court and none were requested, so the judgment must be affirmed if it can be done upon any theory of the case supported by the record. Texas Creosoting Co. v. Hartberg Lbr. Co., Tex. Com.App., 12 S.W.2d 169.

■ By Points 1 and 2 appellants assert that the judgment rendered in cause No. 8617, introduced in evidence against them, the order of sale, and the sheriff's deed based thereon are void for the reason that the judgment recites no amount of money recovered by the plaintiff. Cause No. 8617 (Rhyne v. Spearman) was a suit for debt and to foreclose a deed of trust lien on the land in controversy. The judgment foreclosing said lien, the order of sale, and the sheriff's deed to A. M. Rhyne, appellees' predecessor in title, were introduced by appellees as a link in their chain of title from the common source. In making up the statement of facts the court reporter through error copied a memorandum of judgment in cause No. 8617 instead of the judgment itself. This memorandum does not upon its face, absent the notation attached thereto, state the amount of money recovered. The record reflects that when this matter was discovered by attorneys for appellees, motion was promptly made to the trial court to correct the statement of facts by having the judgment in cause No. 8617, which was actually introduced in evidence, sent up to this court. A hearing was had on this motion with all parties present and the trial court entered his order correcting the statement of facts by ordering the judgment in cause No. 8617 sent to this court as a part of the record in the case. Appellants move here to strike this supplemental statement of facts because: (1) After appeal the trial court has no jurisdiction to correct the statement of facts; (2) that the statement of facts filed in this court was a true and correct transcript of all the evidence introduced upon the trial; (3) that appellees are estopped to now challenge the record made by them in the trial court; (4) that appellees by approving the statement of facts waived their right to deny the correctness of same; and (5) that the "supplemental statement of facts" is in truth a "substitution of the actual and true record made on the trial of said cause." The method pursued by appellees to correct the statement of facts as outlined above is in compliance with Rule No. 428, Texas Rules Civil Procedure. The motion to dismiss is therefore overruled. The judgment in cause No. 8617, as it now appears in the amended record, is regular and is not subject to the criticism offered against it by appellants. Points 1 and 2 are overruled.

■ Appellants' claim of title to this land is based upon a deed from John Spearman to Mattie Spearman, dated October 25, 1918, describing the land and reciting a cash consideration of $2000. Appellees claim title through a sheriff's deed to A. M. Rhyne and under the 5 and 10 year statutes of limitation. R.C.S. Articles 5509 and 5510. On March 30, 1918, A. M. Rhyne instituted suit against John Spearman (No. 8617) for debt and to foreclose the deed of trust lien covering the land here in controversy. Judgment was entered on November 29, 1921, in that case in favor of Rhyne for his debt, together with foreclosure of the deed of trust lien upon this land. On March 2, 1922, order of sale was issued. On April 8, 1922, the sheriff of Marion County executed and delivered to A. M. Rhyne a deed conveying this land, and shortly thereafter dispossessed John Spearman and his tenants of the land and placed Rhyne in possession thereof. The evidence is clear and conclusive that from 1922 until 1937, A. M. Rhyne was in exclusive peaceable and adverse possession of this land through tenants, cultivating, pasturing and enjoying the same. Rhyne was holding and claiming this land under a sheriff's deed, duly recorded, correctly describing the same. His possession was continuous, visible, notorious, distinct and hostile. The entire tract of land was fenced, except a small triangular strip. Numerous witnesses, former tenants of Rhyne, testified to these facts. For eight consecutive years from and after 1922, Rhyne paid the taxes assessed against this land before delinquency. Appellees by regular chain of title claim under Rhyne. These facts, in our opinion, are amply sufficient to sustain the judgment of the trial court awarding title to the land in controversy to appellees under both the 5 and 10 year statutes of limitation. Carlock v. Willard, Tex.Civ.App., 149 S.W. 363, writ refused; Catching v. Bogart,

Tex.Civ.App., 138 S.W.2d .245, writ refused; 2 T.J. p. 244, Sec. 133.

We have carefully examined all points advanced by appellants, they are without merit, and are respectfully overruled.

The judgment of the trial court is affirmed.