## PACIFIC FIRE INSURANCE COMPANY V. MACK D. SMITH.

No. A-943. Decided February 5, 1947.
(199. S. W., 2d Series, 486.)

*Y. W. Holmes* and *John Nicholson,* both of Comanche, for petitioner.

Since respondent neither agreed nor disagreed to petitioner's statement of facts it was not required by Rule 377 that the matter be referred to the judge to prepare same, and since his approval was not required, and no motion was made within the thirty days required by Rule 404 the Court of Civil Appeals was required to consider said statement of facts. Middleton v. Hartford Acc. & Indm. Co., 119 Fed. (2d) 721; Looney v. Wing, 195 S. W. (2d) 557.

*Gean B. Turner,* of Cleburne, for respondent.

Respondent not agreeing to the statement of facts as filed by the petitioner did not sign and approve same, and therefore under Rule 277(d) the matter should have been submitted to the trial judge to make a statement of facts conforming to the truth, and respondent was not required to file a motion to strike within thirty days under rule 404 because the statement of facts must be approved by the trial judge. Hamilton Fire Ins. Co. v. Greger, 246 N. Y. 162, 158 N. E. 60, 55 A. L. R. 921; Sims v. Woods, 130 S. W. (2d) 424; 24 Texas Jur. 1180.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This cause is before this court solely to review the action of the court of Civil Appeals in refusing to consider the original statement of facts of the petitioner, Pacific Fire Insurance Company, which action necessarily resulted in the affirmance of the trial court judgment upon a directed verdict denying it recovery against the respondent, Mack D. Smith, in connection with a subrogation claim in an insurance contract between the parties. 194 S. W. (2d) 583.

The judgment was rendered in the county court on July 26, 1945. Petitioner gave notice of appeal and duly and timely filed an appeal bond. On September 3, 1945, which was within the fifty days provided by Rule 381, Vernon's T. R. C. P., petitioner filed a statement of facts in the trial court which was neither approved by the trial judge nor agreed to by respondent or his counsel in compliance with Rule 377. On September 22, 1945, within the sixty-day period provided by Rule 386, such statement of facts, in the same defective condition, was filed in the court of civil appeals.

The respondent filed no objection to it, nor did he make any motion to strike it, within thirty days after the same was filed in the court of civil appeals. The petitioner contends that under Rule 404, T. R. C. P., this amounted to a waiver of any informalities with reference to it.

Subsequent to the date of the original opinion of the court of civil appeals the petitioner filed another statement of facts which was approved by the trial judge. The court also refused to consider it for the reasons stated in its opinion; but no point is made of the court's action in that respect, and we express no opinion with reference to it.

Rule 404 reads as follows:

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on a motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

The court of civil appeals was of the opinion that the defect in the original statement of facts was not such an informality as could be waived under the provisions of Rule 404. In that conclusion we think the court of civil appeals was in error.

■ The failure of the statement of facts to be properly authenticated was, in our judgment, one of the "informalities in the manner of bringing a case into court" contemplated by Rule 404; and thus it was encumbent upon the respondent to file his objections to it within the thirty-day period provided, otherwise the defect was waived. Looney v. Wing, 195 S. W. (2d) 557.

■ The waiver thus enforced relates only to the lack of approval of the statement of facts. It has nothing to do with inaccuracies therein, or omissions therefrom, of anything material to the rights of the parties. Under our rules and decisions ample opportunity is provided for the correction of the statement of facts subsequent to the thirty-day period mentioned in Rule 404 where it appears that the same is not properly prepared or some material portion has been omitted. Rules 428, 429; Smith v. Globe Laboratories, 144 Texas 41, 188 S. W. (2d) 676; Barron v. James, 145 Texas 283, 198 S. W. (2d) 256; Harris v. Stark, 102 Texas 587, 110 S. W. 737; Boggess v. Harris, 90 Texas 476, 39 S. W. 565.

That practice is in keeping with the liberal policy of amending records to speak the truth so that justice may be administered between the parties in the appellate courts. Rule 370. Consequently, the rights of the respondent did not end with the enforcement of the waiver, and because of the subsequent remedies afforded our interpretation of the rule is not a harsh one. The statement of facts in question therefore should have been considered.

The judgment of the court of civil appeals is reversed and the cause remanded to that court for its disposition of the appeal in accordance with this opinion.

Opinion delivered February 5, 1947.