**HANNA v. HOME INS. CO. et al.**

No. 14670.

Court of Civil Appeals of Texas. Dallas.

July 24, 1953.

Rehearing Denied Oct. 2, 1953.

Curtis E. Hill, E. L. Markham, Jr., both of Dallas, for appellant.

Claude Williams, Handley & Williams, Dallas, for appellees.

PER CURIAM.

On August 2, 1952, during summer recess, invoking Rule 386, Texas Rules of Civil Procedure, appellant moved for extension of time, among other things, in which to file bills of exception and statement of facts, both in trial court and here, which motion was duly contested by appellees. On October 27, 1952 the motion was granted on condition; the order becoming unconditional on November 7, allowing 60 days from the earlier date to file record on appeal. Appellant's bills of exception, 1, 2 and 3, were not presented to adverse counsel or the trial court until December 18, 1952, approved by the latter on December 23; the statement of facts being presented to and approved by the trial court on same day. The completed record (transcript and statement of facts) was then filed with the Clerk of this Court on December 24, 1952. On December 31, appellees filed motion to strike transcript, bills of exception, and statement of facts, and to dismiss appeal for want of jurisdiction, inclusive of motion to vacate our orders of

October 27 and November 7 relative to above extension of time; amending same on January 28, to which motion, as amended, appellant made due answer; all of the foregoing matters being passed for disposition on submission of cause, but preliminary to consideration of appeal on the merits. Submission of cause was had on June 11, 1953, following which we have again made thorough study of above mentioned motions, with especial reference to the showing made by appellant for late filing of record; concluding, under facts not deemed as controverted, that our grant of 60-day extension was erroneously made; no "good cause" having been shown to exist under the Rule as to why said transcript and statement of facts could not have been filed during the 60-day period intervening May 20, 1952 (date of overruling of amended motion for new trial) and the final date for filing of record, to wit, July 19, 1952.

Rule 386 provides: "In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." Our Supreme Court in Matlock v. Matlock, 249 S.W.2d 587, 590, has given recent consideration to above Rule in view of its legislative history; holding that it cannot be invoked by movant for extension of time except upon an affirmative showing that the record *could not* have been filed within the 60-day period; and requiring of Courts of Civil Appeals an enforcement thereof according to its plain wording. Aside from the Rule and as observed in the cited case, Courts of Civil Appeals have but little discretion with respect to permitting the filing of record out of time, even if they be so inclined. " * * * The rule cannot,

therefore, be treated as one adopted by the court for its convenience or for the more orderly submission of causes, which the court might feel at liberty to waive for any cause deemed by it to be sufficient. * * *" Matlock v. Matlock, supra.

Sequence of events constituting, in our opinion, a lack of good cause on part of appellant for not filing transcript and statement of facts within aforesaid 60-day period should be now stated, as reflected generally by the record, inclusive of exhibits and affidavits: (1) That above styled cause proceeded to trial Monday, March 31, 1952 and was concluded the following Friday; (2) that upon jury answers a defendant's judgment was rendered on April 4; the court thereafter hearing evidence on fact allegations contained in plaintiff's amended motion for new trial, overruling same on May 20, 1952, with due exception and notice of appeal; (3) that prior to July 9, 1952, the time limit (in trial court) for filing statement of facts and bills of exception, E. L. Markham, attorney for plaintiff, filed request for extension of ten days, stating that such further time was "necessary and sufficient"; grounds therefor being principally that co-counsel Curtis E. Hill would be engaged in out of town litigation until at least July 9; which application was granted, same showing the statement of facts had been delivered to said attorneys for examination on July 3; (4) that prior thereto, on May 23, 1952, said Curtis E. Hill in a letter addressed to District Clerk Bill Shaw had ordered a transcript of the court proceedings (listing the instruments and papers to be included); closing with the statement that plaintiff's bills of exception 1, 2 and 3 "which are now being prepared, will be completed and filed very shortly"; (5) that he, in letter of May 14, 1952 to Mrs. Inez Steed, Official Court Reporter, in ordering statement of facts, requested that same be a "completely unedited and an unexpurgated one." And beginning July 12, 1952 through to July 23, Mr. Hill, in letters to Judge Blankenship and Mrs. Steed, made vehement attack upon the statement of facts as prepared by the latter; charging that the record of proceed-

ings as thereby reflected "has been very extensively and materially edited and expurgated in respects highly prejudicial to plaintiff's rights * * *"; demanding of said court reporter as a method of obtaining a true and correct statement of facts that she "at once make available for checking in your office and in your presence by a disinterested expert shorthand stenographer of my choice, a hand-writing expert of my choice, and a sound equipment engineer of my choice who is familiar with the particular type of sound recording equipment used by you in connection with this matter, so that either a true and correct statement of facts can be obtained, or it can be established that your notes and recordings have been tampered with to the extent that a true and correct statement of facts cannot be had at all." In an exchange of letters, Mrs. Steed had declined the demand of Mr. Hill to turn over her shorthand notes and recordings, along with the following statement: "It is impossible for me to comply with your request. As an officer of the court the notes are property of the court and must be preserved by me for a period of a year. However, should you desire to direct my attention to any part or portion of the record that you question, I will be more than glad to refer to my notes and recordings in an effort to rectify any error you may claim is in the statement of facts." Also in the same connection, the following certificate of Judge Blankenship was delivered to Mr. Hill: "* * * I, Dallas A. Blankenship, Judge of the 101st District Court of Dallas County, Texas, do hereby certify that in the above styled and numbered cause the original statement of facts prepared by the court reporter has not been delivered to me for my inspection as of this date, July 16, 1952. I further certify that on this date one of the counsel for defendants, Mr. Claude Williams, has presented me with duplicate copies of the statement of facts, both on the original trial and on the hearing on the motion for new trial, both certified by the official reporter, Mrs. Inez Steed, as being correct and such counsel for defendant has approved same; that I have inspected the duplicate copies of the record and find the same to be true and correct. Not having been presented with the original record, I cannot approve the same. I am leaving on my vacation on Thursday July 17, which vacation has been previously scheduled, and in my absence I have authorized Hon. John Rawlins, Judge of the 116th District Court of Dallas County, Texas to act for and on my behalf and in my stead on any further proceedings had in this case during my absence on vacation. I expressly authorize Judge Rawlins to examine and approve the original statement of facts when and if the same is presented to him or to conduct any hearings necessary for the approval of said record and to officially approve the record on my behalf as authorized by the rules in such cases."

Appellant's three bills of exception above referred to relate to the following matters: Bill No. 1. The jury, during its deliberations, made written inquiry of the court; plaintiff's counsel objecting at length to the answer thereto returned by Judge Blankenship. The bill simply sets forth the incident as reflected in the statement of facts; his amended motion for new trial being in similar wording, obviously taken from excerpts of the court reporter's notes theretofore requested. Bill No. 2 complains of the court's refusal to recess the trial for production of a medical witness, Dr. Weary; his office having earlier assured plaintiff's counsel that he would testify upon call. Notwithstanding this, plaintiff's counsel, on Wednesday of the trial, caused issuance of an instanter subpoena duces tecum for the witness, which, though not formally served, would have resulted in his attendance (the record indicates) but for the sudden death of his brother. Here no showing is made as to when Dr. Weary would have been actually available as a witness. All these facts were made known to the court by counsel, with simple request of recess during the interval, not moving for continuance of the cause or for withdrawal of announcement of ready on account of surprise. Judge Blankenship denied the request, giving counsel to close of the trial to complete his bill by a full

showing from the witness of what his testimony would have disclosed. In the same connection, counsel asked for a full bill concerning the testimony of the deputy constable handling the Weary subpoena, who was not presently available, to the end of showing diligence in seeking the attendance of Dr. Weary. On May 20 the motion for new trial was heard, with voluminous testimony adduced; the deputy testifying at such hearing. The attendance of Dr. Weary was again sought, but without avail, no recourse however having been made to compulsory process. Here defense counsel offered to stipulate that Dr. Weary, if present, would have testified exactly as shown in his written report of examination of Mrs. Hanna, made to both parties in December 1950 and attached to motion for new trial, which offer was refused.

Bill of exception No. 3 relates to alleged improper jury argument by Claude Williams, defense counsel, the argument being set out therein in haec verba, and the bill was court approved when tendered out of time without limitation; the affidavit of the court reporter touching same disclosing that such argument was transcribed by her at request of plaintiff's counsel and furnished them prior to their filing of amended motion for new trial. And with respect to all of the foregoing instruments, affidavits of deputy district clerks are to effect that the transcript ordered by plaintiff May 23, was completed May 31, except for inclusion of these bills of exception.

■ Manifestly, under the foregoing state of facts, appellant, in the exercise of required diligence, could have completed the bills in question within the 60-day period allowed for filing of transcript on appeal. And even assuming that the statement of facts had been later amended under appellant's charges that the one presently furnished had been "edited and expurgated," bills relevant to such corrected record (if raised in motion for new trial) could have been brought up by counsel in a supplemental record under Rule 428, Texas Rules of Civil Procedure. Barron v. James, 145 Tex. 283, 198 S.W.2d 256; Thompson v. Janes, Tex.Civ.App., 227 S.W.2d 330.

■ Attention is now directed to the late filing of statement of facts, which Mr. Hill, in July 1952 letters to all concerned, had characterized as materially incomplete and inaccurate.* Rule 377(d) provides in part: " * * * If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth." It may be here noted that counsel's general dissatisfaction with the statement of facts stemmed from the court's alleged hostile attitude and demeanor during course of the trial. If so, the portrayal of such claimed

---

* On November 18, 1952, bearing on above charges, appellant filed in 101st District Court a paper styled "Plaintiff's Motion for Rehearing in open Court with respect to statement of facts and bills of exception." Said hearing was had and conducted privately by agreement, with Hon. Angus Wynne, Past President of the State Bar of Texas, acting as Referee by court appointment, and Court Reporter, Mrs. Steed, represented by Hon. Connie Renfro, Past President of the Dallas Bar Association. The sessions were also attended by Mr. Taylor Armstrong, President of Dallas Bar Association, Harold Sanders, Chairman Bar Judiciary Committee, Barclay Curtis, representative of Soundscriber Company, James Muleady, Official Court Reporter, County Court at Law No. 1, and Miss Jean McCutcheon, Official Court Reporter, 101st District Court. In presence of above named parties, Mrs. Steed's machine recordings of testimony were played back against the contents of the disputed statement of facts; after which plaintiff's counsel appeared before Judge Blankenship and requested the Court's permission to "physically and permanently" withdraw the November 18 motion from the court files, which was by the Court granted, as evidenced by a signed order.

judicial behavior was more properly the function of a bystander's bill, or the use of other counter measures readily suggestible. Be that as it may, a party complaining of inaccuracies or omissions in a statement of facts assumes the burden in such respect. Herman v. Rountree, Tex.Civ.App., 162 S.W.2d 144; and under 377(d) (originating in Federal Rules of Civil Procedure, Rule 75(h), 28 U.S.C.A.), it devolves upon him to specifically point out the alleged inaccuracies and omissions. Wm. Howard Hay Foundation, Inc., v. Safety Harbor Sanatorium, 5 Cir., 141 F.2d 952; Middleton v. Hartford Acc. & Indemnity Co., 5 Cir., 119 F.2d 721.

■ At this juncture, however, even assuming the sufficiency of appellant's "blanket" objections to the statement of facts, same constituted "differences" which the trial court proceeded to "settle" by approval of duplicate copy thereof, with direction to Judge Rawlins in effect to approve the original upon presentation. The result, we think, was a formal statement of facts, which, though unsatisfactory to appellant, he was duty bound to file in the Court of Civil Appeals within the 60-day limitation of Rule 386; and this, without necessarily waiving his right to further contest said part of the record on ground of inaccuracies and omissions.

Appellant's dissatisfaction with the statement of facts was embodied in accusations of utmost gravity; charging the Court, opposing counsel and Mrs. Steed with complicity, in that her official notes and recordings had been deliberately tampered with and altered to his great injury. The method employed by Judge Blankenship for a hearing of these charges through a disinterested group of experts was both appropriate and salutary; and, following a painstaking investigation of grievances, appellant's motion was voluntarily expunged and the incident closed. But, returning to the position of the parties as of July 1952, other Rules of Civil Procedure have made abundant provision for dealing with the differences then pending. For, if desirous of continuing his challenge of the statement of facts, after due filing of same in the appellate court, appellant was at liberty to do so; at the same time fully preserving the efficacy of Rule 386, designed to expedite the appeal of cases.

Rule 428, Texas Rules of Civil Procedure, provides: "If anything material to either party is omitted from the transcript or statement of facts, the parties by stipulation, or the trial court, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court supplying such omitted matter." Under thus Rule and interpretative decisions, ample opportunity is provided for correction of the statement of facts subsequent to compliance with Rule 386 when it appears that the same has not been properly prepared or that some material portion thereof has been omitted. Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486, 487. Recourse to Rule 428, also 429, says the Supreme Court in the cited case, is in keeping with the liberal appellate policy "of amending records to speak the truth so that justice may be administered between the parties * * *." And in McKay v. Kelly, Tex.Civ.App., 225 S.W.2d 992, 994, the similar statement is made that "If it were contended that the statement of facts was incomplete or incorrect it would be an easy matter to amend or correct the statement of facts under the provisions of Rules 428 and 429 * * *." These Rules have been given a liberal construction. Barron v. James, 145 Tex. 283, 198 S.W.2d 256; Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676.

In the instant circumstances we conclude that appellant had been furnished with a statement of facts prior to July 19, 1952 which should have been tendered in this Court within the 60-day period; subject to withdrawal and correction in the trial court; the additional or corrected matter, if any, to be brought forward in supplemental form.

■ This Court has called the attention of litigants in numerous instances to the

enabling provisions of Rules 428 and 429, in case of controversy with respect to the statement of facts of which the . present situation is a classic example. Regrettable as the consequences may be, following the rationale of Matlock v. Matlock, supra, we are powerless to declare that the undisputed facts of this record present any grounds for application of Rule 386, the provisions of which are both mandatory and jurisdictional; and may be availed of only by a showing of good cause within the 60-day period after judgment or overruling of motion for new trial. We conclude it to be our duty to dismiss the instant appeal for want of jurisdiction; and accordingly our orders of October 27 and November 7, 1952 are set aside and vacated, and appellee's motion to dismiss appeal is sustained.