Billy RIDENOUR et al., Appellants,

v.

Irvin E. WILKES, Appellee.

No. 15004.

Court of Civil Appeals of Texas. Dallas.

Oct. 28, 1955.

402

Gullett & Gullett, Denison, for appellants.

Robert E. Bailey, Jr., Denison, for appellee.

YOUNG, Justice.

Invoking Rule 166–A, Texas Rules of Civil Procedure, appellee sought and obtained a summary judgment against appellants (Ridenour and Satterfield) canceling the Ridenour lease of 327.5 acres of land in Grayson County, from which adverse court ruling this appeal is taken.

Facts material to the controversy, as stated by both parties, will be outlined briefly: On July 13, 1953 Billy Ridenour leased from Wilkes the land known as "Wayside Acres" lying some six miles east of Denison, on East Texas State Road and Choctaw Bayou, together with all improvements thereon, for a term of five years, expiring July 12, 1958; the property to be used as "pasture, meadow, or otherwise at lessee's option"; rental to be $150 per month in advance for first year, then at rate of $175 per month in advance. The matter of subletting the acreage was not mentioned in the contract of lease. In November 1954, lessor Wilkes filed this suit against Ridenour and Paul Satterfield, charging that the named lessee had sublet the premises to Satterfield in violation of art. 5237, Vernon's Ann.Civ.St.; defendants, in answer, denying a subleasing of the property as alleged, or that there was any infraction of the statute on part of either of them; Ridenour affirming that he had met all terms and conditions of the lease, with payment of rentals due.

Pursuant to Rule 169, T.C.P., plaintiff Wilkes propounded certain questions to Ridenour, eliciting answers, which will now be detailed, paraphrased in part for brevity: (1–2) This defendant admitting that on and prior to November 1, 1954 he had made his residence on Wayside Acres, maintaining his dairy herd thereon; (3) not admitting that on or about November 1, 1954 he had sold or otherwise assigned 33 head of dairy cattle to Paul Satterfield; but answering: "It is true that a working arrangement has

heretofore been worked out and on or about the date inquired about in your request, between Billy Ridenour and Paul Satterfield, but no sale or assignment was finally consummated and therefore this request is denied." (5–6) Admitted that on or about November 12, 1954 he, Ridenour, had moved his family and household effects from the leased premises to his present address, being R.F.D. No. 2, Denison. (7) Admitted "that on or about the 13th day of November, defendant Paul Satterfield, with the knowledge and consent of defendant Billy Ridenour, moved upon the premises herein sued for and known as 'Wayside Acres' and is now living and maintaining his residence in the house located upon such premises." Request No. 8 and answer are quoted: "Do you admit that on or about the 15th day of October, 1954, defendant Billy Ridenour offered to sell his dairy herd and assign the lease upon the property herein sued for and known as 'Wayside Acres' to one Red Holder of Grayson County, Texas?" (Answer) "It is true that one Red Holder did on or about the 15th day of October A.D. 1954, make certain inquiries of the defendant Billy Ridenour, concerning the sale of his dairy herd, but no offer was ever made for the sale of same, and no discussion was had concerning the assignment of the lease. Request Number Eight is therefore denied."

Plaintiff in his motion asserts that the foregoing admissions conclusively show "such conduct on the part of defendant Billy Ridenour and defendant Paul Satterfield to be an assignment or sublease of all or part of the premises herein sued for in contravention of art. 5237, V.A.C.S., of the State of Texas"; with subsequent forfeiture of lease as a matter of law. Affidavits attached thereto (of plaintiff Wilkes and Mr. Winter, of Citizens National Bank, Denison) merely related to an inadvertent acceptance of the November rental for account of Wilkes and a charge back of the payment to Ridenour; the affidavit of Ridenour disclosing prompt deposit of all rentals due pending suit into registry of court; he further stating upon oath "that he has not subleased said premises or assigned said lease in violation of Article 5237, R.S.Texas 1925, but that in truth and in fact he has a working arrangement with Paul Satterfield which in no way contravenes the provisions of said Article." The judgment rendered upon above hearing found "an absence of genuine issue of any material fact", ordered cancellation of lease and personal judgment against defendant for $455, rental payments due, together with writ of possession. In turn, appellants' single point argues that the matters and things developed on the trial amounted to more than a fact question (whether or not there had been a subletting); the court being without power to adjudicate such issue except on trial to the merits.

It has been the reiterated construction of Rule 166–A that all doubts as to existence of a material fact must be construed against movant; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; the trial court to weigh the evidence in light most favorable to the non-movant in such regard. Ware v. Wright, Tex.Civ.App., 252 S.W.2d 1003. And the moving party is held strictly to a conclusive demonstration of the absence of fact issues; otherwise he is not entitled to judgment as a matter of law. Whelan v. State, Tex.Civ.App., 252 S.W.2d 271.

Perforce of Article 5237, a person renting lands cannot sublease to another without consent of the lessor and any undertaking to such effect renders the contract of lease subject to forfeiture. But to constitute a subleasing, there must be a surrender of possession of at least a part of the demised premises without consent of landlord for duration of the lease period or even for a lesser time. Hudgins v. Bowes, Tex.Civ.App., 110 S.W. 178; Shoemake v. Gillespie, Tex.Civ.App., 28 S.W.2d 1114. In the instant situation, whether Ridenour's "working arrangement" with Satterfield amounted to a surrender of possession, in our opinion, is not conclusively established by the record. Where the facts in issue are uncertain, or where there is a reasonable indication that a material fact is in dispute,

the case should not be disposed of by summary proceedings. Hoffman v. Babbitt Bros. Trading Co., 9 Cir., 203 F.2d 636; Bellak v. United Home Life Ins. Co., 6 Cir., 211 F.2d 280.

The cause is accordingly reversed and remanded to the trial court for further proceedings.