**Betty Jean STAHL et vir, Appellants,**

v.

**John A. RAWLINS, Appellee.**

No. 15291.

Court of Civil Appeals of Texas.

Dallas.

June 7, 1957.

Rehearing Denied July 26, 1957.

Owens & Purser, Austin, Scurry, Scurry & Pace, Dallas, for appellants.

Johnson, Guthrie & Stanfield, and John A. Rawlins, Dallas, for appellee.

YOUNG, Justice.

Pursuant to authority of Rule 166–A, Texas Rules of Civil Procedure, the trial court, after a hearing, had sustained appellee's motion for summary judgment; decreeing that Mrs. Stahl (formerly Mudge) take nothing by her suit to cancel an existing contract of employment had with John A. Rawlins; also sustaining his cross-action for enforcement of said employment contract which provided for a one-fourth interest to him in all property, real, personal or mixed, recovered by her in cause No.94–F/J, styled Mudge v. Mudge; the contract allegedly extending to a property settlement agreed upon by the parties in their later judgment of divorce. An appeal from such summary action of the District Court has been duly prosecuted. Events leading up to above adjudication should first be related in some detail.

Marital differences between appellant, then Betty Jean Mudge, and husband Edmund W. Mudge, Jr., had resulted in their 1955 separation, she employing Judge Rawlins as attorney to institute suit for divorce and interest in community property. The employment was evidenced by written contract of May 17, 1955, drawn by the attorney and signed by her; with the suit for divorce, property rights, and custody of children filed June 28, 1955 in Juvenile Court of Dallas County. Other than formal parts, the mentioned contract for legal services is here set forth in full:

"Whereas, Mrs. Betty Jean Mudge, hereinafter called 'undersigned', presently resides at No. 5926 Averill Way, in Dallas, Texas, and is the wife of Edmund W. Mudge, who is also a resident of Dallas, Dallas County, Texas;

"Whereas, the undersigned and the said Edmund W. Mudge were duly and legally married in Walla Walla, Washington, on or about January 13, 1944, and continued to live together as husband and wife, with brief separations, until their final separation on or about March 1, 1955;

"Whereas, there were two children born to the marriage, Edmund W. Mudge, III, and Laura Jean Mudge;

"Whereas, unhappy differences have arisen between the undersigned and her said husband, wherein she avers that for a long period of time before and after she has been subjected to cruel and inhuman treatment which renders their further living together insupportable;

"Whereas, the undersigned is desirous of obtaining a final decree of divorce from the said Edmund W. Mudge, and also of obtaining her rightful interest in the community property accumulated during said marriage, and further desirous of obtaining the care, custody and control of her said children and adequate support before and after a divorce is granted and a property settlement had and effected;

"Whereas, the said Edmund W. Mudge has threatened to file suit for divorce against the undersigned, and has consulted and employed an attorney at law, to-wit: R. Guy Carter, Esq., of the Dallas Bar;

"Whereas, the said Edmund W. Mudge has made various threats to and concerning and against the undersigned; among other things, claiming to have accumulated

much damaging evidence involving her; has threatened to expose her to public shame and to damage her character, and to take the custody of her children away from her and place them in the hands of relatives;

"Whereas, in connection with the threats to divorce her, he has claimed that no community property has been accumulated during their eleven (11) years of marriage and that she is entitled to nothing;

"Whereas, the undersigned believes that a large amount of community property has been accumulated during the marriage consisting of, among other things, the following:

"1. Cash, and various negotiable instruments in the possession of Edmund W. Mudge or some other person holding them for him.

"2. Oil wells, and oil producing property, royalties, interest shares, and leases, in the name of Edmund W. Mudge, and also in the name of various corporations, companies and individuals.

"3. Large holdings in stocks and bonds of every kind and nature.

"4. Substantial amounts in notes due to him, including on land and personal property to secure same.

"5. The family home on Averill Way, and a country estate on 28 acres of land on State Highway No. 869.

"6. Business enterprises, partnerships, stocks in companies and corporations and other properties both real and personal including a substantial collection of oil paintings and other valuables.

"Undersigned represents that she has the following property as her sole and separate property, to-wit:

"1. Personal jewelry in her possession, some of which was owned by her prior to her marriage and other given to her during the marriage.

"2. A 1955 model Cadillac sedan.

"Now Therefore, this confirms that the undersigned has employed and does employ John A. Rawlins, as attorney at law of the Dallas Bar to represent her in the recovery of her community interests, to present and try her cause of action for divorce against the said Edmund W. Mudge, to defend any cause of action that he may bring against her, and in any and all events to represent her in any and all courts necessary to obtain a final decree; to do all possible to enable her to retain the custody, care, control and education of the two children of the marriage; and she does hereby agree to pay said attorney a reasonable fee in connection therewith, as follows: for counsel and advice, in the past and in the future, and in the event that no divorce is granted either on account of failure or inability of either party to obtain a court decree, or in the event of a reconcilliation on terms mutually satisfactory to the parties, the sum of $25,000.00; in the event the case is prosecuted to a conclusion by either party and for services rendered in all the courts, trial or appellate, the undersigned hereby agrees to pay the said John A. Rawlins, as her attorney herewith, twenty-five per cent (25%) of all monies and properties recovered by him for her whether in cash or other properties or in trust, and whether by settlement, by suit or otherwise, and in consideration of the services performed and to be performed by said attorney, hereby conveys, sells and assigns to said attorney, John A. Rawlins, twenty-five per cent (25%) of all her rights, title and interest in and to the community estate of herself and her husband, and to her own property, real or personal, and the undersigned hereby agrees that upon request of her attorney, she will execute any supplemental instrument or instruments deemed advisable to more fully effectuate such assignment of twenty-five per cent (25%) interest in and to such properties.

"The undersigned hereby appoints the said John A. Rawlins as her attorney-in-fact, with full power to institute in her

name such legal proceedings for recovery of title and possession to her properties as he may deem advisable, and further agrees that in the event of an adverse or inadequate judgment in any suit or proceeding in the trial court, said attorney shall have full power in his sole discretion to make the decision and use his best judgment as to whether or not an appeal from such judgment shall be taken, and if an appeal is taken, said attorney shall have full power, in his sole discretion to determine how far said appeal shall be carried; and undersigned further gives to said attorney, as her attorney-in-fact, full power to compromise or settle her claim for community and separate property, with or without her consent, and upon such terms and in such amounts on such percentages, as he, in his sole discretion, may deem to be to her best interest; and undersigned further hereby agrees to indemnify and save said attorney harmless and hereby releases said attorney from any claim on her part that he was negligent or failed to use the best judgment in connection with handling of her suit, but said attorney shall nevertheless be liable to her for willful misconduct or bad faith in connection with this employment.

"The undersigned agrees to cooperate with all reasonable requests of her attorney in the prosecution of any suit or action that he may bring or defend for the recovery of her property and protection of her interests in the divorce and custody proceedings, and she further agrees that she will be liable and responsible for all Court costs and expenses incurred by said attorney in connection with his representation of her in said proceedings, and undersigned understands that said costs and expenses shall be additional to any fee above referred to."

On July 20, 1955 Mrs. Mudge sent by registered mail the following letter to appellee:

"Re: No. 94–F/J, Mudge v. Mudge.

"Dear Judge Rawlins:

"This letter is to serve as formal notice that your services as my attorney in the above named suit were discontinued as of 11:00 A.M. this 20th day of July 1955 because I have not been satisfied in the manner in which you have handled my case as discussed with you yesterday in your office. As you recall, you agreed with me in this conference that if I was not satisfied and did not have complete faith and confidence in you I should change lawyers. You further stated in front of a witness that you would allow me to employ another attorney. There was no mention of your fee in advance of my being released by you.

"This letter is to request a release allowing me to employ another lawyer and to furnish me a copy of the files of this case. I am willing to pay a reasonable fee for the services rendered in this case up to 11:00 A.M. this 20th day of July, 1955. Very truly yours, /s/ Betty Jean Mudge. Mrs. Betty Jean Mudge."

Mrs. Mudge thereafter employed the present firms of attorneys to represent her as counsel; on September 16, 1955 filing affidavit (Rule 8, T.C.P.) of her desire to change lawyers, naming them; and the Juvenile Court entered an order to such effect, same being without prejudice to any right of appellee, perforce of the employment contract of May 1955, executed by "plaintiff" and "filed with the records of this Court."

On October 21, 1955 Mrs. Mudge filed the instant suit against defendant Rawlins for cancellation and rescission of above employment contract, praying for determination of the amount due Judge Rawlins for services prior to his alleged discharge on a quantum meruit basis; defendant filing plea in abatement, alleging that her then husband was a necessary party, plaintiff amending petition in accordance but being unable to secure service on Mudge. Plaintiff's sworn petition (second amended original), filed October 2, 1956, is lengthy, its contents being sufficiently reflected in her

amended and sworn reply to defendant's motion for summary judgment which is hereinafter quoted in full. The answer of appellee on file consists of plea in abatement, numerous exceptions, denials, defenses; and alternatively, a cross-action for damages in the sum of $250,000, charging that the contract of employment was wrongfully breached.

On August 8, 1956 the parties were granted a divorce in cause No. 94–F/J, Mudge v. Mudge, plaintiff obtaining custody of their two minor children with provisions for support. The divorce decree approved, ratified, and confirmed a property settlement agreement; filed, however, as a separate instrument, paragraph (5) thereof providing:

"(5) Wife warrants and represents that she has not incurred any indebtedness other than for personal living expenses at her domicile and those expenses incurred in the perfection of her action of divorce and a property settlement. She agrees that she will pay off and discharge any and all obligations or indebtedness created by her in connection with or arising out of her employment of John A. Rawlins, Wroe Owens and Scurry, Scurry & Pace, attorneys, as well as any other attorneys, if any, who she may have engaged for services rendered or expenses incurred in connection with a suit for divorce from Husband instituted by her against him in the above styled and numbered cause pending in the Juvenile District Court of Dallas County, Texas, as well as in connection with any litigation or controversy which she may have now pending, or which she may hereafter have, in connection with said attorneys by virtue of such services so rendered her by said attorneys. In this connection, she agrees to indemnity and hold Husband harmless against any loss, cost, expense, court costs, judgments, liens or claims of any kind or character in connection therewith.

"In order to better secure Husband in the performance by Wife of all of the terms and provisions of the indemnity agreement next above provided for, it is agreed that until terminated as hereinafter provided for, one-half (½) of the securities awarded to Wife in Paragraph 1, Subdivision (h) hereof, shall be deposited with her attorneys, Scurry, Scurry & Pace, and that simultaneously therewith the assignments provided for in Paragraph 10 hereof insofar as the interests of Wife in the following described properties may be concerned shall likewise be held by said attorneys in escrow and without being recorded, such properties being Wife's entire interest in the properties described in Subdivision 2 of Exhibit A of Paragraph 1. Such attorneys hereby consent to hold such properties in escrow and agree that they will hold such stocks and assignments intact until they are authorized to release same by instrument in writing signed by either Edmund W. Mudge, Jr. or R. Guy Carter."

Appellee filed an instrument styled "Acceptance" of the terms of above August 8 judgment and property settlement, also delivering to opposing attorneys a letter to like effect; taking the position that he is a third-party beneficiary under the judgment rendered in cause 94–F/J, whose rights are defined therein. And in subsequently filed motion for summary judgment he takes the same position, i. e., that the rights of both parties under said contract of employment have become merged in the Mudge v. Mudge final judgment, "which is a new debt, replacing the old obligation under the contract and precluding all consideration or discussion thereof."

We come now to the instant proceedings. On September 19, 1956 appellee filed a motion for summary judgment in plaintiff's cause of action No. 4527–A/B, styled Mudge v. Rawlins, asserting the existence of no genuine issue of any material fact so far as plaintiff was concerned, thus entitling movant to judgment on his cross-action as a matter of law. Among other things, said motion was based upon the entire record in cause 94–F/J, Mudge v. Mudge; pleadings in the case of Mudge v. Rawlins; deposi-

tions of Betty Jean Mudge and John A. Rawlins; statement of facts in an intermediate receivership hearing; the contract of employment in question; final judgment in cause 94–F/J, inclusive of property settlement agreement and paper of acceptance on which claim is made of third-party beneficiary.

Appellants' sworn reply to above motion for summary judgment is here quoted in full:

"I. The allegations contained in paragraph 'P' of defendant's motion for summary judgment are not true; in this connection, plaintiff would show unto the Court that there are genuine issues of fact involved in this case as follows:

"(A) Plaintiff in her second amended petition asserts and alleges that the contract upon which the defendant bases his right of recovery was procured by the fraud of defendant and that such plea of fraud involves issues of fact which must be decided to dispose of this case.

"(B) Plaintiff further asserts in Paragraph III of her second amended petition that defendant as an attorney did not investigate the case properly; that such allegation raises a question of fact as to whether the defendant properly performed all of his duties and obligations under the contract upon which he bases his right of recovery.

"(C) Plaintiff further alleges in said pleading that the defendant, as an attorney, did not keep her advised of the progress he was making in the case; that said attorney gave confidential information to the attorney on the opposing side; that defendant recommended to the plaintiff that she settle her case for an amount far below an amount which would be fair and reasonable; such allegations raise a question of fact as to whether the defendant complied with the terms of his purported employment contract upon which he bases his right of recovery.

"(D) Plaintiff in her second amended petition alleges that if defendant is en-

titled to recovery at all, such recovery would be limited to a reasonable amount for the services which he actually rendered to the plaintiff as an attorney; the amount of recovery in such event would be a question of fact, and defendant is asserting in his motion for summary judgment that he is entitled to recover on the contract itself and does not allege that he is entitled to recover on the basis of services rendered.

"II. Defendant in part bases his action for summary judgment on a purported third-party beneficiary contract arising out of the settlement agreement entered into between plaintiff and her former husband; it would be a question of fact in this case as to whether the plaintiff and her former husband by said agreement intended to confer a benefit upon defendant, which allegation is expressly denied by plaintiff.

"III. Defendant has alleged that he relied upon the alleged or purported third-party beneficiary agreement and such reliance, or lack of reliance, is a question of fact, and in this connection, plaintiff expressly denies that such statement is true.

"IV. Plaintiff would show the Court that under the allegations of fraud as contained in plaintiff's second amended petition, questions of fact are involved which would preclude any recovery by defendant for any services performed.

"V. Plaintiff would show the Court that the depositions of the parties hereto have not been completed and that plaintiff has been prevented from such completion by the acts of the defendant and his counsel as reflected by Page 95 of the deposition of plaintiff which reflects that the deposition was adjourned rather than completed and the complete facts have not been developed by deposition for either plaintiff or defendant as a result of such acts of defendant and his counsel."

Appellee's claim of third-party beneficiary is based on the agreed property settlement between Betty Jean Mudge and husband as approved and confirmed in final

judgment of August 8, 1956; there being no contention of any lack of a bona fide dispute relative to the issues theretofore joined in the instant suit for cancellation of employment contract and answering cross-action.

■■■ The principles controlling of contracts made for benefit of a third person are well stated in Citizens National Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003, and reiterated in Standard Accident Ins. Co. v. Knox, 144 Tex. 296, 184 S.W.2d 612, viz.: (1) "Parties are presumed to contract for themselves. It follows that a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties." [136 Tex. 333, 150 S.W.2d 1006.] (2) "A person not a party to a contract may sue thereon for himself if it appears that it was made for his benefit, but the presumption is that parties contract for themselves alone; and a contract will not be construed as having been made for the benefit of a third party, unless it clearly appears that such was the intention of the contracting parties." [144 Tex. 296, 184 S.W.2d 615.] See also James Stewart & Co. v. Law, Tex. Civ.App., 228 S.W.2d 601, affirmed 149 Tex. 392, 233 S.W.2d 558, 22 A.L.R.2d 639, holding in effect that intention of the parties with respect to whether one has been constituted a third-party beneficiary in their contract should be determined by terms of the contract as a whole, construed in light of the circumstances under which it was made.

Here involved is a construction of the judgment of August 8, 1956 wherein Judge Peurifoy recites an approval of this property settlement agreement after hearing of "full and complete evidence." It is the contention of appellee that his right as third-party beneficiary appears as a matter of law from recitals of the property settlement agreement; but if not, then appellant is precluded from raising the fact issue of whether the parties intended to create such a relationship, because she "has brought only a partial or fragmentary record before this Court"; the situation thereby requiring us to indulge the presumption of correctness of the judgment under review. Appellee says that the following items, considered by Judge Bryan (who presided at the hearing for summary judgment), are omitted from the record here: (1) Some thirteen Exhibits introduced in evidence on an intermediate receivership hearing in Mudge v. Mudge, all of which Exhibits were attached to the original statement of facts (Receivership), but none to the "Copy" filed in this Court; (2) the District Clerk's Certificate recites as omitted: "the evidence developed in the divorce hearing, which is no longer available, because the parties are not able to locate same, after diligent effort. The Clerk is without information whether any evidence was developed in that case or not and is making no certificate as regards that evidence."

■■■ More specifically, appellee argues that if resort must be had to the "surrounding circumstances" (as a question of fact) for construction of the property settlement agreement, this Court is confronted with only a partial record, as appellant has not made available to us the circumstances surrounding such agreed settlement; that on summary judgment hearing in the instant cause (4527–B, Mudge v. Rawlins), Judge A. J. Bryan had before him the entire record in cause No. 94–F/J inclusive of full and complete evidence heard by Judge Peurifoy at time of rendition of the 1956 judgment; which evidence is not a part of this record on appeal as is apparent from the Clerk's Certificate; thus making applicable the rule annotated in 4 Texas Digest Complete, Appeal and Error, sec. 907, subdvs. 3, 4, that, absent a statement of facts, or in case of an incomplete record all reasonable presumptions will be indulged in favor of the judgment appealed from. Manifestly, the position taken by appellee is untenable in view of our Rules of Procedure which

authorize either party to supplement the record either before or after same has been transmitted to the appellate court. Rules 428, 437, 503. They should receive a liberal construction. Barron v. James, 145 Tex. 283, 198 S.W.2d 256; a Sub-Committee of our State Bar on interpretation of these Rules having long since concluded that thereunder the old presumption in favor of the judgment below, in case of an incomplete record, will no longer be indulged. 5 T.B.J. 236; 8 T.B.J. 17. Moreover, the entire record in cause No. 94–F/J, Mudge v. Mudge, was made a part of appellee's own motion for summary judgment, which would comprehend the omitted matter, if existent.[1]

■■■ Appellant is therefore entitled to be heard on the merits of her cause of action; inclusive of the issue of whether the parties, by their settlement agreement, intended same to be for benefit of appellee, as in Lindler v. McClure, Tex.Civ.App., 292 S.W.2d 381. Her affidavit of October 18, 1956, offered in evidence before Judge A. J. Bryan of the 66th District Court, sitting for

the 44th District Court, but rejected by him, was sufficient in itself to raise the issue of intention. This affidavit should have been considered. City of Mesquite v. Scyene Investment Co., Tex.Civ.App., 295 S.W.2d 276.

At this juncture and expressly, we do not pass upon appellant's points 2 and 3, urging that appellee did not become a third-party beneficiary under the settlement agreement as a matter of law. Our holding here relates only to her first point complaining of error "in entering a summary judgment in favor of appellee when there existed genuine issues of fact."

The cause is reversed and remanded for further trial proceedings.

## On Motion for Rehearing.

In view of appellee's counter-points, presented in the alternative, the statement made in original opinion of "no contention of any lack of a bona fide dispute relative to the issues theretofore joined in the instant suit for cancellation of employment

1. Since submission of cause appellant has placed on file the Certificate of Judge Paul Peurifoy who held the divorce hearing of August 8, 1956, approving also the property settlement agreement; certifying in part that evidence adduced at the trial of said cause was never reduced to writing. His sworn statement is quoted in full:

"I, Paul G. Peurifoy, Judge of the District Court for the 95th Judicial District, Dallas County, Texas, do certify that on August 8th, 1956, there appeared before me, sitting as the District Judge of the 14th Judicial District Court, Dallas County, Texas, the Plaintiff and her attorneys and the attorneys for the Defendant in the cause entitled Betty Jean Mudge v. Edmund W. Mudge, Jr., No. 94 F/J, and evidence was presented to the effect that a property settlement agreement had been executed by the Plaintiff and the Defendant, but no evidence was offered or given specifying which obligations or the extent of the obligations assumed by Plaintiff or the Defendant. The judgment entered by me in said cause did nothing but approve the fact that an agreement as to said property division had been made, and that the Defendant was to make certain pay-

ments for child support as set out therein.

"At the time this matter was presented to me, I was on vacation; my court reporter was on vacation. I came by the office to check my mail. The attorneys asked me if I would handle this settlement for them. My reporter not being available, I asked the attorneys to get their own reporter. I do not recall what reporter took the case. I have no present recollection of a discussion of attorneys' fees for any attorney in the case, present or not present in court.

"Diligent search has been made by this Court and its Court Reporter attempting to find the reporter who took the testimony offered at the time the divorce judgment was entered, and we have not been successful.

"I further certify that the evidence adduced at the trial of said cause has never been reduced to writing; that if a court reporter was present at the time of the hearing, his identity is unknown, though diligent search has been made, and no record now exists nor has ever existed, since judgment was entered in said cause, of any of the evidence introduced therein."

and answering cross-action" is hereby withdrawn.

■ But obviously the pleadings of the parties in cause No. 4527, standing alone, involve a bona fide dispute to which Rule 166-A is inapplicable. We have here a sworn petition (second amended) seeking cancellation of the contract for legal services on grounds of fraud and imposition; her sworn reply to motion for summary judgment detailing such grounds; answered by defendant's plea of nonjoinder of parties, numerous special exceptions, a cross-action on basis of the contract, and in the alternative, for $250,000 for its wrongful breach. Said sworn resistance to the summary judgment proceedings consisted of numerous specific charges of fraud concerning material facts within affiant's knowledge and of probable admissibility upon a trial to the merits. "Where facts on issue are uncertain or there is reasonable indication that a material fact is in dispute, case should not be disposed of by summary proceedings." Ridenour v. Wilkes, Tex. Civ.App., 283 S.W.2d 401, 402, syl. 5.

■ Appellee reasserts with much vigor that a presumption must be indulged in favor of the court's judgment in cases where the record before the appellate court is incomplete. Certainly such presumption still obtains in total absence of a statement of facts, but since adoption of Rule 428, T. C.P., resort may be had to its liberal provisions in case of an incomplete record.[1] The rule has been consistently made use of in such respect. "Under our rules and decisions ample opportunity is provided for the correction of the statement of facts subsequent to the thirty-day period mentioned in Rule 404 where it appears that the same is not properly prepared or some material portion has been omitted. Rules 428, 429 * * *." Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486, 487. "If it were contended that the statement of facts was incomplete or incorrect it would be an easy matter to amend and correct the statement of facts under the provisions of Rules 428 and 429, T.R.C. P., * * *." McKay v. Kelly, Tex.Civ. App., 225 S.W.2d 992, 994. See also Patrick v. Simpson, Tex.Civ.App., 168 S.W.2d 315; Magnolia Petroleum Co. v. State,

1. Of the omitted matters detailed in original opinion, the affidavit of Judge Peurifoy is to effect that no evidence heard by him on entry of agreed judgment in cause No. 94-F/J was transcribed. Appellant's reply to the motion for rehearing accounts for the missing exhibits as either appearing in the present transcript or relate to the Receivership statement of facts (checks, papers, etc.) and material only to that proceeding.

In the same connection a second affidavit of Judge Peurifoy is attached to appellant's motion, now quoted:

"This affidavit is to supplement the one made by me, which appears in the footnote of the opinion written and handed down by Mr. Justice Young in Cause No. 15291, 5th Court of Civil Appeals of Dallas;

"The above mentioned affidavit was signed by me without having been approved by the attorneys for John A. Rawlins or having been presented to them or inspected by them, or by Rawlins himself, for the following reasons;

"Mr. John Pace, attorney for Betty Jean Mudge, told me that he had only until 12:00 o'clock of the day on which said affidavit was made to file same in the Court of Civil Appeals, and I inferred from his statement that he had obtained consent of the Court of Civil Appeals to file same and that 12:00 was his deadline;

"I requested Mr. Pace to get in touch with opposing counsel and ask them to be present and he told me that he had tried to reach them but could not do so; I further certify that at the time the divorce case between Betty Jean Mudge and her husband, Edmund W. Mudge, Jr., was tried, being Cause No. 94-F/J, and the trial date being August 8, 1956, said Betty Jean Mudge was placed on the witness stand and in response to questions by Hon. R. Guy Carter, attorney for the defendant, she testified that she understood the agreement and the property settlement and she understood that it covered all her rights and obligations and she wanted the Judge to approve same."

Tex.Civ.App., 218 S.W.2d 855, 862; Thompson v. Janes, Tex.Civ.App., 227 S.W.2d 330; Hanna v. Home Ins. Co., Tex.Civ.App., 260 S.W.2d 891.

The motion for rehearing is overruled.