Opinion delivered April 29, 1887.

No. 5672.

## Thomas Trammell & Co. v. George W. Mount.

1. Mechanic's Lien.—The lien of a mechanic for material furnished, who procures the material for the construction of a building, can not be defeated by reason of its delivery in accordance with the wish of the owner of the house at some other place than where the house is being erected.

After such material is prepared for the building, though it be not delivered on the ground, that fact will not defeat the lien for its value, if the mechanic, being ready to deliver at the building, is prevented by the owner of the improvement, who violates his contract and refuses to receive it.

2. SAME.—The lien of a mechanic, though not fixed before registry of the contract or bill of particulars, yet when it is fixed relates back to the time when the work was performed or the material furnished, and takes precedence of all claims on the property being improved, which have been fastened on it since that time.

3. WAIVER—NEW TRIAL.—A party who permits without objection a witness to testify who has not been sworn, thereby waives all objection to his evidence based on the failure to swear him.

4. SAME—EQUITY.—In foreclosing a mechanic's lien, when the original owner of the house and a purchaser under attachment levied after the mechanic's lien was fixed, are both made defendants, the decree should direct that whatever remains from the proceeds of sale, after satisfying the mechanic's lien, should be paid to the purchaser under attachment.

APPEAL from Howard. Tried below before the Hon. R. H. Looney, Special Judge.

*Cowan & Posey, S. H. Cowan* and *G. S. Jones*, for appellants, cited Revised Statutes, article 3164; Phillips on Mechanic's Liens, section 358; Huck v. Gaylord, 50 Texas, 579; Phillips on Mechanic's Liens, section 359; Revised Statutes, articles 3165, 3166; Cameron & Co. v. Marshall, Texas Law Review, volume 5, No. 23, page 347; Phillips on Mechanic's Liens, sections 222, 223, 233, 20; Wait's Actions and Defenses, volume 4, page 327, section 10; Drake on Attachment, sections 224–224a; Phillips on Mechanic's Liens, sections 249–256; Wait's Actions and Defenses, volume 4, page 327, section 10.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE. The appellee sued the firm of Lawson, Smith & Co., to recover an amount alleged to be due him from that firm, on account of a contract in which, for a specific sum, the appellee agreed to furnish the work and material necessary to build for the appellants, four stone walls of a house of dimensions specified in the contract. He also prayed for the foreclosure of a mechanic's lien upon the improvements made by him, and the lots upon which they were situated. The firm of Thomas Trammell & Co. were made defendants, under an allegation that they claimed some kind of interest in the property.

Judgment was rendered for the plaintiff for the sum of one thousand, three hundred and sixty-one dollars and twenty cents, and foreclosing a lien upon the lots and premises, concerning which the contract was made. The sheriff was ordered to sell these as under execution, satisfy this lien and costs out of the proceeds of sale, and pay the remainder to the defendants, Lawson, Smith & Co. From this judgment the defendants Thomas Trammell & Co. have appealed to this court.

The facts are: Lawson, Smith & Co. entered into a verbal contract with Mount, in which the latter agreed to build the walls of a stone house for Lawson, Smith & Co., furnishing all the labor and material necessary for that purpose, and to finish the work in ninety days from January 12, 1884, they to pay him therefor two thousand three hundred dollars in such sums as he might need from time to time to carry on the work, and the remainder at its completion. Mount commenced work, and had provided a large quantity of stone, some of which had been used in building the walls, and the remainder fully prepared to use in this way, when Lawson, Smith & Co. notified him that they were unable to comply with their part of the contract, and Mount was forced to quit work. This was on the eighth of March, 1884, and on the eighteenth of the same month, Trammell & Co. had an attachment levied upon the lots upon which the stone house was in the course of being built, and they were subsequently sold in satisfaction of the attachment lien, and bought in by Trammell & Co. On the twenty-fourth of March, 1884, Mount filed with the county clerk and had recorded a bill of particulars of the work done and material furnished by him, and its value, and had a duplicate served upon the defendants Lawson, Smith & Co.

It was developed by the evidence that about four hundred perches of the stone included in the bill of particulars did not enter into the structure of the walls, and that it was not delivered upon the premises; but that it was prepared for use in the building and kept one mile and a half from the place where the walls were being built. It is claimed by the appellants that for this material, and the work done upon it, the appellee has no lien upon the premises. According to the testimony, the work done upon this stone cost one dollar and fifty cents per perch, and it is for this amount that the lien is claimed.

Our statute says that any person or firm, lumber dealer,

artisan or mechanic, who may labor or furnish material    *    * to erect any house or improvement, shall have a lien upon such house, etc., and shall have a lien upon the lot or lots necessarily connected therewith to secure payment for labor done, lumber, material, machinery or fixtures and tools furnished for construction or repairs. If, therefore, the labor on the stone, which was not delivered at the place where the walls were being built, was furnished for their construction, the mechanic's lien attaches to the property subjected to it by the judgment below, unless it was necessary to the lien that this stone should have actually entered into the construction of the walls. It is held by some authorities that the lien can not exist unless the material for the furnishing of which it is sought, has actually gone into the improvement of the property for which it was intended. (Hunter v. Blanchard, 18 Illinois, 318; Taggard v. Buckmore, 42 Maine, 77; Schulenberg v. Prairie Home Institute, 65 Missouri, 295.) By others it is held that if the material is delivered at or near the building it is sufficient. Esslinger v. Huebner, 22 Wisconsin, 632; Neilson v. Iowa Eastern Railway Company, 51 Iowa, 190; Beckel v. Petticrew, 6 Ohio State, 247.) And by others the lien is upheld though the material be not delivered at or near the building, and never enters into its construction. (Hinchman v. Graham, 2 Serg. and R., 170, and authority cited.) We are inclined to adopt the latter view in cases where the delivery at the building is prevented by the act or direction of the owner. If he directs, for his own convenience, that the material be delivered at some other place; or, after it is prepared and nothing is left to be done by the material man but to take it to the building spot, the owner violates his contract and refuses to receive it, it seems that justice dictates that, through his own conduct, the owner should not defeat the lien. The language of the statute does not require such a delivery, nor does it require that the material should actually enter into the construction of the improvement. To furnish material for the construction of a house, and to furnish materials which enter into its construction, are very different things. To give our statute the latter construction is to strain its words beyond their usual meaning, and this should not be done for the purpose of depriving mechanics and others of the protection which the statute was evidently intended to give them. We rather incline to a liberal construction in their favor.

We have heretofore held that a delivery to the owner, no mat-

ter at what distance from the building, transfers the title to the material (Fagan v. Boyle Ice M. Co., 65 Texas, 324). It gives the owner of the building complete ownership and control over it; and it would be unjust to place it in the power of the person to whom it was delivered or furnished, to defeat a lien upon his property through his own wrong in appropriating it to other purposes than those for which it had been furnished. The law did not certainly intend to leave it to the owner to say whether the material man should 'have his lien or not, but to compel the lien when the latter had done all that was required of him, though the owner should attempt to defeat it.

The present is a strong case in favor of the mechanic. He made a contract to construct the stone work of a house for a given sum. The parties with whom he contracted failed to perform their part of the contract, and forced him to quit work. Had he completed the work, he would have been entitled to the full sum agreed on, and to enforce a lien to collect it. Under the law, when compelled to desist from the work he was entitled to a pro rata recovery. Why should he not enforce his lien to the same extent? The law gave him a lien as an incident to the contract. Everything that he did in the performance of that contract was necessarily done towards the construction of the building, and as necessarily carried with it a right to the lien. In the nature of things much of the work had to be done away from the building. If the contractor had been permitted to go on with his contract it would have entered into the improvement he had agreed to make. If forced by the owners to stop before he could place the work in the building, it would not change its character. It was still work done under a contract for constructing the walls, and as such should carry with it a lien upon the building. The owner was not thereby relieved from the liability to pay for the work done, and his liability under the contract carried with it the mechanic's lien.

We think the plaintiff was entitled to his lien for all work done up to the time Lawson, Smith & Co. defaulted in their contract, including the work done upon stone which was not carried to the premises where the building was being constructed. This ruling leaves the ownership of the stone in Lawson, Smith & Co., and renders it subject to their debts.

There is nothing in the objection that the items of the bill of particulars were not dated. All had dates attached to them

except one, and it was made apparent by the bill itself that this was done during the continuance of the contract.

The lien of a mechanic though not fixed before record of the contract or bill of particulars, when it is fixed, relates back to the time when the work was performed or the material furnished, and hence takes precedence of all claims to the property improved, which have been fastened upon it since that time. This is the effect of the previous decisions of this court. (Huck v. Gaylord, 50 Texas, 580; Fagan v. Ice Manufacturing Company, 65 Texas, 331.) The registration does no more than preserve a lien which exists already. There was no error in overruling the motion for a new trial. The appellants allowed the witness to give his testimony without being sworn, and thereby waived any objection to it on that account.

But there was error in ordering the surplus proceeds over and above enough to satisfy the plaintiff's debt and costs, to be paid to Lawson, Smith & Co. The appellants were the owners of the equity of redemption by reason of their purchase at the attachment sale, and as such entitled to that portion of the proceeds of the sale which represented that equity. The equities of the plaintiff and the appellants were before the court for adjustment, and it should have decreed out of the proceeds of sale to the plaintiff enough to pay his debt and costs, and to appellants who were owners of the property subject to the plaintiff's lien, whatever balance might remain. The judgment will be refused at the costs of the appellee, so as to decree to the appellants this surplus of the proceeds. In all other respects it is affirmed.

*Judgment reformed.*