Cloyce BOX et al., Appellants,

v.

ASSOCIATES INVESTMENT COMPANY,
Appellee.

No. 15924.

Court of Civil Appeals of Texas.

Dallas.

Nov. 17, 1961.

Rehearing Denied Dec. 15, 1961.

Arthur Mitchell, Austin, for appellants.

Robert R. Cole, Dallas, for appellee.

YOUNG, Justice.

This appeal is from a judgment of the trial court overruling appellants' motion for new trial and exceptions to a judgment of that court against them and in favor of appellee.

On July 31, 1959 appellee brought suit against Cloyce Box and Boyce Box, allegedly doing business as partners under the trade name of Box Auto Sales, on numerous automobile notes for deficiency balances claimed to be due thereon after all credits. This petition was duly answered by the two defendants in verified denials of partnership; or that said partnership had authorized any one to act for them in the execution of the instruments sued upon; claiming bad faith on part of plaintiff in sale of certain collateral attached to the notes, which resulted in any alleged deficiencies; pleading general denial, and also the bar of two-year statute of limitations.

On October 11, 1960 a final judgment was signed and entered by Dallas A. Blankenship, Judge of said Court, reciting in part: "On the 10th day of October 1960, the above styled and numbered cause came before the Court for trial on the merits, all parties having been duly notified according to term of law, came the plaintiff by its attorney and the defendants came not though having filed written answer with Clerk of Court. The Court, having read

the pleadings and having heard evidence and argument of counsel, finds that the material allegations contained in the plaintiff's petition are true and correct and is of the opinion that the plaintiff is entitled to judgment against each of all defendants, both jointly and individually." The judgment was against both Cloyce and Boyce Box for principal balances remaining due on the various notes in sum of $1350.90, interest to that date of $478.46, or a total of $1829.36 with interest from date of trial at 10% per annum and all costs.

Defendants' attorney in this cause was Arthur Mitchell of Austin, Texas; plaintiff's attorney being Robert R. Cole of Dallas. Said defendants' attorney, upon notification of above entry of judgment, immediately filed motion for new trial stating that such judgment had been entered without notice to appellants; setting forth as grounds the following interchange of letters:

That on August 28th, 1960 he had written to Mr. Cole of his employment as defense counsel in the case; in addition stating "I would appreciate it if you would give me notice of any of the proceedings in this case." And on August 31, said attorney for appellants wrote plaintiff's attorney, confirming a notice from the latter that the case had been set for trial on October 10, 1960 at 10 o'clock a. m.; writing further: "I have this date communicated with my client to determine if he would be available on that date and will correspond with you on this matter;" also observing that the above date of setting was personally satisfactory. On September 6, 1960 Mr. Mitchell addressed the attorney for plaintiff stating that he had received word from his client, Cloyce Box, to effect that said defendant "would be tied up in Tulsa, Oklahoma on October 10, 1960;" requesting a "bottom dollar" figure which he could pass on to the defendants for the purpose of settling the case.

On September 13, 1960 the attorney for plaintiff then wrote to Mitchell to effect that the case could be settled for $1500; further stating in such answer: "I was disappointed to learn that you will not be able to go to trial on October 10, 1960. If it is not possible to settle on the above basis, I will appreciate your early advice as to when it will be convenient to set the case for trial. As you know, it has been pending for more than a year now. Very truly yours, Robert R. Cole." Without further notice or communication, this defense attorney was notified on October 13, 1960 of the fact that the case had been heard and judgment rendered on October 10, 1960.

Appellants' motion for new trial included all the correspondence above outlined; concluding with allegations "that this judgment should be set aside in all things and a new trial be granted to them, or in the alternative the case be set upon the docket for trial upon its merits on grounds (1) that a defendant's original answer properly verified has been on file and filed by the attorney for the defendants in behalf of the defendants; and (2) by agreement of the parties through their attorneys, that the case would not go to trial on October 10th as set in view of a prior commitment on the part of the defendants;"

This motion for new trial was overruled by the trial court on November 11th, 1960 entered November 18th; attorney for defendants obtaining notice by copy thereof, being mailed to him on November 21st. It contained the recital that plaintiff came by attorney "but defendants came not although duly notified by the court." Prior thereto and on November 8th, 1960 defense counsel wrote to the trial court as follows:

"Dear Judge Blankenship: I wondered if you would have had an opportunity to review the motion for new trial filed in the above captioned case by my office and whether or not the matter has been set down for hearing. I am of course anxious to get the judgment heretofore entered by the Court set aside in order that the case can be set down for trial on its merits. I would rather of course have the motion

overruled by action of the court than by operation of law in order that I might be able to protect the record for an appeal. However, I am certain that the Court will want to have a hearing on this motion and I wondered if the Court has set a time for hearing on the motion. I would appreciate it very much if you would inform me of the date of the hearing so that I can let attorney for the plaintiff know of the date and be in attendance on the same. Thanking you very much, I am Sincerely, Arthur Mitchell."

On November 23rd, 1960 Mr. Mitchell filed a verified instrument styled "Exceptions to order overruling motion for new trial and to recital that same was ordered after due notice." His challenge to said recital stated that defendants did not receive any notice of said setting, even after request and attached thereto as Exhibit A a copy of above quoted letter to Judge Blankenship. Appellants further say that there is on file in this court a certificate from the official court reporter of the 101st District Court "that I did not report any proceedings in the above and entitled cause."

Appellee concedes that above summary of defensive pleading and related matter is substantially correct in so far as they purport to state facts. Notwithstanding this, it objects to our consideration of appellants' points based thereon because same are not only "outside the proper record on appeal but also as set forth are incomplete and misleading"; the facts therein stated not complying with the requisite of a bill of exceptions, "which is the only proper procedure for preserving their claimed errors." The correspondence in question is germane to defendants' contention (1) that he was thereby mislead by plaintiff into believing that the trial would not be heard on October 10, but would instead be passed to a later date; and (2) that although the trial court may have sent notices to attorney Mitchell of the setting of the motion for new trial, he received no such notice in response to his request of November 9th. These matters were duly presented in appellants'

motion for new trial and verified exceptions to the order, they not having had opportunity to incorporate same in any bill of exceptions.

 While the instant case involves a failure of counsel to appear at the time set for trial, the same general principle of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 applies as in the case of a default judgment that "While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

It is the position of appellants that they were mislead by the letter of plaintiff's counsel above of date September 13, 1960, understanding therefrom that the case would not be tried on the date set but passed to another "convenient" date. Said letter stated in part: "I was disappointed to learn that you will not be able to go to trial on October 10, 1960. If it is not possible to settle on the above basis, I will appreciate your early advice as *to when it will be convenient to set the case for trial.* As you know, it has been pending for more than a year now. Very truly yours, Robert R. Cole." (Emphasis ours.)

On the other hand appellee charges negligence on the part of appellants' counsel in that "the latter sat back and did nothing for the nearly one month period between the date of such letter and the date the case was set for trial. He never himself directly requested the trial court to postpone the case and made no effort to verify with the court or the clerk whether the court would approve a postponement, and this, notwithstanding there was no agreement to pass the case. Therefore, it clearly appears that the failure of appellants to appear for trial is chargeable, not to appellee, but to their own negligence in failure to secure the trial court's approval of postponement of the case." It further appears from appellee's brief that "On the date the case was set for trial, the attorney for appellee appeared in court and exhibited all of the above correspondence to the trial judge. Contrary to the implications of appellants' brief, the attorney for appellee did not press the case for trial at that time but merely stated to the court that he was ready for trial, though counsel for appellants according to the exhibited correspondence was not. The trial court, exercising the discretion reposed in it in controlling its docket, ordered that the case be tried at that time."

Rule 245, Texas Rules of Civil Procedure states in part: "The court shall provide by rule for the placing of actions upon the trial calendar, (a) without request of the parties or (b) upon request of a party and notice to the other parties or (c) in such other manner as the courts deem expedient. * * *" Manifestly, the setting of October 10 on the court's calendar was pursuant to subd. (a) above. Normally the effect of the Cole letter of September 13, would cause defense counsel to believe that the case would be passed for a resetting under subd. (b) without further ado; and certainly such letter in nowise placed defendants' attorney on notice that his presence on the appointed day would be required in order to secure such postponement. Attorney Mitchell was reasonably caused to be misled by the contents of said letter; his failure to appear in person not amounting to negligence within purview of the general rule as announced in Craddock v. Sunshine Bus Lines, Inc., supra.

Clearly the failure to appear was not intentional or the result of conscious indifference on his part, but was due to a mistake. See Craddock case. It is not disputed that a meritorious defense had been set up nor is it indicated that grant of a new trial would occasion delay or work any injury to plaintiff. "While it has been stated broadly that a litigant by his attorney must note the progress of his case in court and is not entitled to notice except as prescribed by law, as, a general rule, except for compelling reasons, it is essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken." 66 C.J.S. Notice § 14, p. 652.

The judgment under review is accordingly reversed and this cause remanded to the trial court for a new trial.