Muhammad F. MALIK, Appellant,

v.

HIDDEN VALLEY CIVIC CLUB and George Turner, Appellees.

No. 17694.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 10, 1980.

Rehearing Denied April 24, 1980.

R. J. Strong, Jr., Houston, for appellant.

Gaylen L. Nix, Houston, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

George A. Turner, plaintiff in the trial court, has brought to the attention of this court his contention that Muhammad F. Malik, defendant in the trial court, has failed to perfect his appeal to this court by reason of the fact that he failed to file a cost bond within 30 days from the date of the entry of judgment by the trial court. Malik contends that December 24, 1979, was a legal holiday and that by reason of this fact his filing of his motion for new trial on December 26, 1979, was timely. If the motion for new trial was filed within 10 days of the date the judgment was signed, the cost bond was filed in a timely manner and this court has acquired jurisdiction of the appeal.

We conclude that this court lacks jurisdiction to entertain the appeal.

Plaintiff's motion for new trial was not filed within 10 days from the date on which the judgment was signed. The judgment was signed on the 13th day of December, 1979. Rule 4, T.R.C.P., provides that the day of the act or event after which the designated period of time begins to run is not to be included. The 10 day period for the filing of the motion for new trial therefore would end on December 24, 1979, unless it is a legal holiday. The legal holidays in the State of Texas are enumerated in Article 4591, V.A.C.S. December 24, is not listed as a legal holiday in that Article. Malik relies on the holding of the Supreme Court in *Mid-Continent Refrigerator Company v. Tackett*, 584 S.W.2d 705 (Tex.1979) in which the court determined that January 2, 1978 was a legal holiday for procedural purposes within the meaning of Rule 4 of Tex.R.Civ.P. The Supreme Court pointed out that "the Legislature in 1977 Tex.Gen. Laws, chapter 872, at page 3145 specifically declared Monday, January 2, 1978, to be a "holiday" for State employees." The court pointed out that the numbers and dates of State holidays are directly related to the appropriation of funds for hours and days of work by State personnel from the State treasury. The Act of the Legislature cited was the Appropriation Bill for the biennium 1978–1979.

The Appropriations Act effective on December 24, 1979, is found in General and Special Laws of Texas, vol. 2, chapter 843. Paragraph 3 of Section 6, Chapter 843, supra, at 2900, provides that holidays for State employees shall be those specified in Article 4591, V.A.C.S. Chapter 843, Section 7, paragraph b, supra, at 2901, provides:

"Employees of the State shall, without deduction in salary, be entitled to, in addition to leave provided in this section, vacation or leave time on the Friday immediately following the fourth Thursday in November, and December 24 and December 26."

It is apparent that the Appropriations Act does not constitute December 24, 1979, a legal holiday.

■ The motion for new trial was not timely filed. In such a case the time for filing of an appeal bond begins on the date the judgment is signed. The tardy filing for a motion for new trial does not operate to extend the time for filing the appeal bond even though the late motion be considered and overruled by the trial judge. *Metal Enterprises, Inc. v. Don Love, Inc.*, 559 S.W.2d 90 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

■ A cost bond was filed in this case on February 26, 1980. It was not filed within 30 days from the date the judgment was signed. This court cannot acquire jurisdiction of an appeal where an appeal bond has not been timely filed. *Metal Enterprises, Inc. v. Don Love, Inc.*, supra; *Washington v. Golden State Mutual Life Insurance Company*, 408 S.W.2d 227 (Tex.1966).

The appeal is dismissed.