Laurent H. VAN DER VEKEN, Appellant,

v.

Olin JOFFRION, Appellee.

No. 9562.

Court of Appeals of Texas, Texarkana.

Oct. 13, 1987.

Charles C. Dickerson, Carthage, for appellant.

Mike Parker, Carthage, for appellee.

PER CURIAM.

Olin Joffrion took a post-answer default judgment against Laurent H. Van Der Veken based upon two promissory notes. Van Der Veken appeals that judgment.

Van Der Veken brings two points of error contending: (1) that the trial court abused its discretion in refusing to grant a motion for new trial, and (2) that there is insufficient evidence to support the judgment.

The trial court found Van Der Veken liable to Joffrion on two promissory notes in the amounts of $3,500 and $3,075. The suit was filed on August 4, 1986, and the petition alleges that Van Der Veken executed and delivered to Joffrion the two notes, which matured on September 14, 1984, and that Van Der Veken has refused to pay the sum due under the notes despite demand.

Van Der Veken's original answer was filed on October 6, 1986. Shortly thereafter, Robert Goodwin, Van Der Veken's attorney, filed a motion to withdraw as counsel. The court permitted Goodwin to withdraw on the condition that he inform Van Der Veken of the impending trial. The letter of withdrawal from Goodwin to Van Der Veken informed Van Der Veken that the cause had been tentatively scheduled for December 10, 1986. No other notification from any source to Van Der Veken appears in the record. Van Der Veken wrote a letter to the court dated October 24, 1986, asking the court to grant him sufficient time to retain new counsel and come to Texas from his home in Iowa. Trial was held on December 10, 1986, and a post-answer default judgment was entered against Van Der Veken on January 6, 1987, in the total amount of $6,575 plus attorney's fees of $1,500.

After the entry of the default judgment, Van Der Veken retained another attorney who filed a sworn motion for new trial alleging the following: (1) that the defendant has a meritorious defense of accord and satisfaction, (2) that the failure of the defendant to appear was not intentional or the result of conscious indifference, (3) that granting the motion for new trial would not occasion delay or otherwise work injury to the plaintiff, and (4) that the defendant was willing to pay the plaintiff's expenses of securing the default judgment.

Joffrion filed a pleading titled "Plaintiff's Objection to Granting of New Trial." This response, which was unsworn and without affidavit, alleges that "[t]he failure

of the Defendant *to file an answer* herein was due to the conscious neglect and indifference of the Defendant." (Emphasis added.) The response further alleges that the plaintiff has no legitimate defense to the cause of action and that the granting of a new trial would severely prejudice the rights of the plaintiff. Although Van Der Veken requested a hearing on his motion for new trial, the motion was overruled by operation of law without a hearing.

We look first at Van Der Veken's contention that the trial court abused its discretion in refusing to grant the motion for new trial. A court's denial of a motion for new trial is not to be disturbed in the absence of an abuse of discretion by the trial court. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984). A default judgment should be set aside and a new trial ordered when the defendant's failure to appear was not intentional or the result of conscious indifference on his part, but due to a mistake or accident. The defendant's motion for new trial must also set up a meritorious defense and must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.[1] *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex. Comm'n App.1939, opinion adopted).[2] The *Craddock* case dealt with a no-answer default judgment, but the *Craddock* requirements are also applicable to a post-answer default judgment. *Grissom v. Watson*, 704 S.W.2d 325 (Tex.1986).

The Supreme Court in *Hensley v. Salinas*, 583 S.W.2d 617 (Tex.1979), remanded the case to the trial court with instructions to conduct a hearing on the motion for new trial on the basis that the motion presented a question of fact upon which evidence must be heard. However, in the case of *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972), the Supreme Court said that because the record does not reflect that there was an evidentiary hearing, the court would look solely to the affidavit attached to the amended motion for new trial to sustain or overrule the action of the trial court. Based upon the affidavit, the Supreme Court remanded the case to the trial court for a new trial on the merits. In *Strackbein v. Prewitt, supra,* the Supreme Court stated the following:

Strackbein filed no counter affidavits to the motion for new trial. So the trial judge, in considering the motion for new trial, could look only to the record before him at that time which included Prewitt's motion for new trial and the affidavits submitted therewith. Where factual allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Dallas Heating Co., Inc. v. Pardee*, 561 S.W. 2d 16, 19–20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *see also Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966).

In *Cliff v. Huggins*, 724 S.W.2d 778 (Tex. 1987), the Supreme Court had before it both affidavit and oral testimony, but the court said, "it is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct." The Court further stated, "In summary, the law

---

1. An offer to reimburse the plaintiff for costs incurred in obtaining a default judgment may also be an important factor for the trial court in determining whether the new trial should be granted, but it is not a requirement for granting the motion. *Angelo v. Champion Restaurant Equipment Co.*, 713 S.W.2d 96, 97 (Tex.1986).

2. In *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App. 1939, opinion adopted), the Commission of Appeals sought to do away with the standard set up in *Dowell v. Winters*, 20 Tex. 793 (1858). That standard required the court to determine whether some excuse, but not necessarily a

good excuse, existed in a particular case which would make the granting of a new trial proper. The *Craddock* court refined that test by looking to the actual reason for the decision in *Dowell*, which was the absence of an intentional failure to answer. Therefore, the courts do not look to the excuse beyond its showing of mistake or accident, but when the granting of a new trial will occasion no delay and will not work an injury to the plaintiff, the court will look to whether the defendant's failure to answer or failure to appear was intentional or the result of conscious indifference.

requires that the trial court test the motion for new trial and the accompanying affidavits against the requirements of *Craddock*," and remanded the cause to the trial court for a new trial.

Thus, we conclude that when the movant properly raises his points by sworn pleadings or affidavit and requests a hearing, as in the present case, and no evidentiary hearing is held, the court is bound to accept the sworn pleadings or affidavit of the movant as being true. *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r. e.). We further conclude that the proper relief in this situation is to grant a new trial and not to remand for a hearing on the motion for new trial. We therefore must examine the facts alleged by Van Der Veken to determine if they meet the requirements for setting aside the default judgment.

■ The letter sent by the attorney Goodwin to Van Der Veken notifying him of the setting contains the following relevant paragraph:

Our Motion to Withdraw from your case was granted on October 27, 1986. Your deposition has been rescheduled by the Court for Wednesday, November 12, 1986, at 1:00 p.m. in the same location. The trial in this case *had been tentatively scheduled* by the District Judge for December 10, 1986. (Emphasis added.)

Van Der Veken's sworn pleading sets forth his effort to obtain counsel after the withdrawal of Goodwin and further states:

The Defendant is not an attorney and is not sophisticated in Court schedulings and reschedulings and took that the language of the letter that the case had been *tentatively scheduled by the District Judge for December 10, 1986* to mean that the setting was not a firm setting and that he would be further notified in the event that the case would actually be heard on December 10, 1986. (Emphasis in the original.)

The word *tentative* is defined by Webster's Ninth New Collegiate Dictionary to mean "uncertain" and "not fully worked out or developed." Based upon the common usage of the word *tentative*, Van Der Veken could reasonably have believed that he would receive further notice when the tentative date became certain. It can be argued that Van Der Veken was negligent in failing to check with the court to see if the tentative date had become a date certain and to determine if his request for additional time had been granted; however, negligence is not the issue. Whether his conduct was intentional or the result of conscious indifference is the issue. *Continental Airlines, Inc. v. Carter*, 499 S.W.2d 673 (Tex.Civ.App.—El Paso 1973, no writ).

■ The following are Texas cases based upon misunderstandings that fulfilled the required showing of a lack of conscious indifference or a lack of an intentional disregard: *Spears v. Brown*, 567 S.W.2d 544 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Hughes v. Jones*, 543 S.W.2d 885 (Tex.Civ.App.—El Paso 1976, no writ); *Continental Airlines, Inc. v. Carter, supra; Texas Iron & Metal Co. v. Utility Supply Co.*, 493 S.W.2d 545 (Tex.Civ.App. —Houston [1st Dist.] 1973, writ ref'd n.r. e.); *Box v. Associates Investment Co.*, 352 S.W.2d 315 (Tex.Civ.App.—Dallas 1961, no writ). We find that the uncontroverted facts set forth in Van Der Veken's sworn pleadings are sufficient to show that his failure to appear was not intentional nor the result of conscious indifference. We also find that Van Der Veken has specifically pled and sworn that all amounts owing to Joffrion have been completely satisfied by the transfer of a painting that was accepted by Joffrion in complete satisfaction of all indebtedness. This meets the requirements for alleging a prima facie defense.

Because of these determinations, we do not reach the other point raised by appellant.

We hold that the trial court abused its discretion in overruling the motion for new trial. We therefore reverse the judgment of the trial court and remand the case for a new trial.