**THERMEX ENERGY CORPORATION, Appellant,**

v.

**RANTEC CORPORATION, Appellee.**

No. 05–88–01339–CV.

Court of Appeals of Texas, Dallas.

March 7, 1989.

Jeffrey L. Clark, Dallas, for appellant.

Jerry K. Warren, Dallas, for appellee.

Before ENOCH, C.J., BAKER and KINKEADE, JJ.

## ON MOTION TO COMPEL

ENOCH, Chief Justice.

Appellant Thermex Energy Corporation ("Thermex") tendered the transcript on this appeal to the clerk of this Court for filing. Because it appeared not to contain a timely cost bond, the clerk refused to file it. Accordingly, Thermex filed a motion to compel the clerk to file the transcript. The sole issue before this Court is whether a motion for new trial, filed pursuant to rule 306a(5) of the Texas Rules of Civil Procedure, although unverified, serves to extend the appellate timetable under rule 306a(4). For the reasons given below, we direct the clerk to file the transcript, and we assert jurisdiction over this appeal.

On June 10, 1988, appellee Rantec Corporation (Rantec) obtained a summary judgment against Thermex. Thermex did not attend the hearing on Rantec's motion for summary judgment. Thermex alleges that, because settlement negotiations were taking place, Rantec had promised not to press its motion for summary judgment. There was no motion for new trial filed by July 11, the Monday following thirty days after the judgment, when the trial court's period of plenary jurisdiction would normally have ended.

Concluding that its judgment was now final, Rantec attempted to garnish an account of Thermex. Because of the garnishment, Thermex discovered that Rantec had obtained the summary judgment. Thermex alleges that it first acquired actual knowledge of the judgment on July 19; Rantec does not dispute this allegation. On July 28, more than thirty days after the judgment but less than thirty days after Thermex acquired actual knowledge of the judgment, Thermex filed a motion for new trial. The motion asserted that it was filed pursuant to rule 306a(4) of the Texas Rules of Civil Procedure. The motion, however, did not comply with section 306a(5): the motion was not sworn. *See also* TEX.R. APP.P. 5(b)(5).

Despite that defect, the trial court conducted a hearing on Thermex's motion on August 16, within thirty days of the date when Thermex acquired actual knowledge of the judgment. At that hearing, Thermex introduced sworn testimony that it first acquired actual knowledge of the judgment on July 19. The findings of fact from the hearing recite that Thermex "did not have actual knowledge of the [j]udgment herein, until July 19, 1988...." Despite this finding, the trial court overruled Thermex's motion for new trial for other reasons.

Thermex concludes that the trial court's finding started the appellate timetable running from July 19, the date on which Thermex first learned of the judgment. TEX.R. CIV.P. 306a(4); *see also* TEX.R.APP.P. 5(b)(4). Therefore, Thermex argues that it had until August 18 by which to file a motion for new trial. TEX.R.CIV.P. 329b(a). In addition, it argues that its July 28 motion for new trial was timely, so that it had until October 17 by which to file its cost bond to perfect this appeal. TEX.R. APP.P. 41(a)(1). Thermex did file a cost bond on that date.

Rantec argues that, because Thermex never filed a sworn motion as required by rule 306a(5), the appellate timetable never shifted. Rantec concludes that the appellate timetable began on June 10, the date that judgment was actually entered. It argues that Thermex had to file either a motion for new trial or a cost bond, to perfect this appeal, by July 11 (because July 10 was a Sunday). TEX.R.CIV.P. 329b(a); TEX.R.APP.P. 41(a)(1). Because Thermex did neither by that date, Rantec urges us to dismiss this appeal because it was not timely perfected.

The clerk was not certain whether the transcript reflected a timely cost bond. In accordance with rule 56(a) of the Texas Rules of Appellate Procedure, the clerk noted on the transcript that it was received on November 1. He did not, however, file the transcript. Thermex, arguing that the bond and the transcript were both timely, brings the instant motion to compel the

clerk to file the transcript in this appeal, so that the appeal might proceed.

■ Rantec does not dispute that, at the August 16 hearing, it did not object to Thermex's rule 306a motion on the ground that it was not verified. (If Rantec had objected at that time, Thermex presumably would have had sufficient time to file a sworn motion that complied in all respects with rule 306a(5). Thus, it could have timely cured the defect of which Rantec, for the first time on appeal, complains.) The sole issue placed before this Court by Thermex's motion and Rantec's response is whether Thermex's failure to verify its rule 306a motion deprived the trial court of jurisdiction to find that Thermex acquired actual knowledge of the judgment only on July 19; if the trial court lacked such jurisdiction, then Thermex did not file a timely cost bond and we ourselves do not have jurisdiction over this appeal.

■ Rule 306a(5) states:

5. **Motion, notice and hearing.** In order to established [*sic*] the application of paragraph (4) of this rule [extending the appellate timetable], the party adversely affected [by a judgment of which he has received late notice] is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX.R.CIV.P. 306a(5) (Vernon Supp.1989). There is no dispute that Thermex proved to the trial court's satisfaction, by sworn testimony, that it in fact acquired actual knowledge of the adverse judgment only on July 19. Nevertheless, the mere fact that the trial court considered Thermex's motion for new trial, made a finding of fact after taking evidence at the hearing, and then overruled the motion does not in itself mean that the motion was properly before the trial court or that it was effective to extend the appellate timetable. *See Malik v. Hidden Valley Civic Club*, 601 S.W.2d 59, 61 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 450 U.S. 980, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981).

The Supreme Court of Texas has stated that compliance with rule 306a is jurisdictional. *Memorial Hospital of Galveston Co. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam); *see also Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986) (per curiam) (effect of failure to comply with rule 165a governing motions to reinstate after dismissals for want of prosecution); *Olvera v. Olvera*, 705 S.W.2d 283, 284 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.) (per curiam) (on mot. for reh'g) (a movant under rule 306a must not only file a sworn motion, but also take action to obtain a hearing on the motion). Those cases, however, are all distinguishable from the present case.

In *Gillis*, the trial court, as in this case, conducted a hearing on a rule 306a motion. The rule 306a motion attacked an order dismissing Gillis's action for want of prosecution. After the hearing, the trial court ordered the cause reinstated. The Supreme Court noted, however, that the record did not show what happened at the hearing and that the reinstatement order did not contain any findings of fact. *Gillis*, 741 S.W.2d at 365. In short, the record did not establish that Gillis had proven to the trial court's satisfaction the date on which she had acquired actual knowledge of the dismissal order. In this case, the record affirmatively reflects the trial court's finding that Thermex first acquired actual knowledge of the trial court's judgment on July 19. Thermex, unlike Gillis, thus brings us a complete record supporting its argument for when the timetable for this appeal started to run.

In *Butts*, the trial court dismissed Butts's action for want of prosecution. It then denied an unverified motion to reinstate under rule 165a of the Texas Rules of Civil Procedure. The opinion of the Austin Court of Appeals makes clear that the trial court heard Butts's motion, denied it, and denied leave to file an amended, verified motion. *See Butts v. Capitol City Nursing Home, Inc.*, 700 S.W.2d 628, 629 (Tex. App.—Austin 1985), *aff'd per curiam*, 705

S.W.2d 696 (Tex.1986) (per curiam). Thus, it is apparent that there was an objection to Butts's failure to verify her motion. In this case, Rantec made no such objection. Furthermore, in *Butts*, there is no indication that Butts introduced sworn testimony. Thus Butts apparently tendered no evidence of any kind, either live or by affidavit, to show when Butts first acquired actual knowledge of the dismissal order. Without any evidence, the trial court was not empowered to make any finding of any kind. In this case, Thermex did introduce live testimony to support its allegations. Therefore, there was evidence before the trial court to support its finding of when Thermex first acquired actual knowledge of the trial court's judgment.

In *Olvera*, Mr. Olvera took no action to obtain a hearing on his motion. Because his motion was sworn, it set forth prima facie evidence of the date on which Mr. Olvera first acquired actual knowledge of the trial court's judgment, but he made no effort to prove the allegations of the motion to the trial court. *Olvera*, 705 S.W.2d at 284. In this case, Thermex not only obtained a hearing on its motion, but also succeeded in proving, to the trial court's satisfaction, that it did indeed acquire actual knowledge of the trial court's judgment only on July 19.

■ Thus, while we acknowledge that compliance with rule 306a is jurisdictional, we do not read the cases cited above to say that *any* failure to comply with the rule, no matter how slight or otherwise harmless, defeats a court's jurisdiction. A movant under rule 306a must submit evidence of the date when he first acquired actual knowledge of the trial court's judgment to the trial court and must take action to obtain a hearing on his motion. To establish an appellate court's jurisdiction over an appeal from the trial court's judgment, the movant must bring forward a record affirmatively reflecting the appellate court's jurisdiction. Thermex has done so.

We are aware that earlier authority held that the lack of verification of a motion for contempt in a family law matter deprived the trial court of jurisdiction to entertain the motion. *Ex parte Freeman*, 144 Tex. 392, 191 S.W.2d 6, 7 (1945). *Freeman* was expressly overruled by *Ex parte Winfree*, 153 Tex. 12, 263 S.W.2d 154, 158 (1953). The *Winfree* rationale was that "no written law" required verification of a motion for contempt. *Winfree*, 263 S.W.2d at 156. There is, however, a written law requiring verification of a motion under rule 306a: rule 306a itself.

Nevertheless, the modern tendency is to construe procedural rules liberally, so that litigants might obtain a just, fair, equitable and impartial adjudication of their rights under established principles of substantive law. TEX.R.CIV.P. 1; *see also Miller v. Hernandez*, 708 S.W.2d 25, 27 (Tex.App.— Dallas 1986, no writ) (the rules of appellate procedure "should be construed to accomplish their manifest purpose to eliminate jurisdictional pitfalls that result in dismissals on technical grounds").

Certainly a party who permits an unsworn witness to testify waives any objection to the testimony on that ground. *See Trammell v. Mount*, 68 Tex. 210, 215, 4 S.W. 377, 379 (1887); *Jefco, Inc. v. Lewis*, 520 S.W.2d 915, 924 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Yet if a trial court has the authority to base a judgment upon unsworn testimony when there is no objection to it, it is anomalous to state that a trial court has no authority to find when a party first acquired actual knowledge of a judgment when that party offers the court sworn testimony within thirty days of the date on which it did acquire actual knowledge, merely because the party had not earlier tendered an affidavit to the court and no one had objected to the lack of an affidavit.

It has also been long established that an appellate court may consider a statement of facts that the court reporter has not authenticated, if there is no objection to the lack of authentication. *Pacific Fire Insurance Co. v. Smith*, 145 Tex. 482, 484, 199 S.W.2d 486, 487 (1947) (construing the predecessor rule to TEX.R.APP.P. 71). We fail to understand how we might consider an unsworn record on appeal, while holding that a trial court, in its discretion, cannot

consider the allegations in an unsworn motion under rule 306a to the extent that it grants a hearing for further inquiry, at least within the thirty-day period after the movant's actual knowledge of the judgment. To say that Thermex could not achieve by live sworn testimony what it ought to have done by affidavit would be to elevate form over substance.

We are not to be understood as stating that there is no purpose to verifying a motion under rule 306a. Verification is a means of streamlining a proceeding by presenting prima facie evidence that must be controverted by sworn denial. *Compare Vance v. Holloway*, 689 S.W.2d 403, (Tex.1985) (per curiam) (action on sworn account). When a movant for new trial properly raises his points by sworn pleadings or affidavit and requests a hearing, and no evidentiary hearing is held, the court is bound to accept the sworn pleadings or affidavit of the movant as being true. *Van der Veken v. Joffrion*, 740 S.W. 2d 28, 31 (Tex.App.—Texarkana 1987, no writ) (per curiam) (citing *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713, 721 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.)). Therefore, swearing to a motion under rule 306a establishes prima facie evidence of when the movant first acquired actual knowledge of a judgment adverse to him and, if the movant requests an evidentiary hearing on the motion, establishes his right to such a hearing.

Thermex's failure to swear to its motion meant that the trial court did not need to conduct a hearing, because Thermex had not set forth prima facie evidence in its motion. We conclude, however, that Thermex's failure did not deprive the trial court of *authority* to conduct an evidentiary hearing and to receive sworn testimony on the matter, at least within the thirty-day period following the date when Thermex asserted that it first acquired actual knowledge of the judgment. We expressly do not speculate on what the result might have been if Thermex had introduced testimony at a hearing conducted more than thirty days *after* the date on which it asserted that it had first acquired actual knowledge of the judgment. Although

Thermex might not have established a prima facie case concerning when it acquired actual knowledge of the judgment, it did establish its case in chief before the trial court.

We are also not to be understood as condoning anything less than careful compliance with the rules of procedure. Thermex's motion expressly relied upon rule 306a; a careful reading of that rule would have spared Thermex, not to mention this Court, much trouble. Even so, we conclude that Thermex's failure to swear to its motion, while a defect, was not a defect so great as to deprive Thermex of its opportunity to bring this appeal. Thermex substantially complied with every requirement of rule 306a so as to satisfy the purpose of rule 306a. While not a model of a rule 306a motion, Thermex's motion, together with the trial court's affirmative finding as reflected in the record that Thermex brings us, suffices to establish our jurisdiction. *See Jones v. Stayman*, 747 S.W.2d 369, 370 (Tex.1987) (per curiam).

The trial court, after considering Thermex's sworn testimony, affirmatively found that Thermex first acquired actual knowledge of the judgment on July 19. The trial court made that finding within thirty days after July 19. Rantec made no objection to Thermex's failure to swear to the motion resulting in that hearing until its response to the instant motion to compel, after Thermex had attempted to appeal. The record that Thermex tenders to this Court reflects both the trial court's finding and Rantec's lack of objection.

Under the facts of this case, we hold that the appellate timetable began on July 19. Thermex's motion for new trial was filed on July 28 and was timely, reckoning from July 19. Although the motion was unsworn, because it was timely reckoning from July 19, it extended the appellate timetable just like any other motion for new trial under rule 320 of the Texas Rules of Civil Procedure. Motions for new trial under rule 320 do not need to be sworn. We conclude that Thermex timely perfect-

ed its appeal and we direct the clerk of this Court to file the transcript.

Thermex's motion to compel is granted.

BAKER, J., dissents.

BAKER, Justice, dissenting.

I respectfully dissent.

In this case, the majority acknowledges that compliance with rule 306a is jurisdictional, cites the authority that says it is, and then proceeds to ignore it completely in its result-oriented opinion.

In *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696 (Tex.1986) (per curiam), Butts filed a motion to reinstate that did not comply with rule 165a of the Texas Rules of Civil Procedure because it was not verified. The supreme court noted that because Butts' motion was unverified, there was "no proper motion filed with the [trial] court within thirty (30) days of the signing of the order of dismissal...." *Butts*, 705 S.W.2d at 697. The Supreme Court concluded that "the time for perfecting appeal was not extended and the court of appeals did not have jurisdiction." *Butts*, 705 S.W.2d at 697. Despite this language, the majority reads *Butts* as if it were only a no-evidence case.

In *Memorial Hospital v. Gillis*, 741 S.W. 2d 364 (Tex.1987) (per curiam), Gillis filed a late motion to reinstate under rule 165a of the Texas Rules of Civil Procedure. Because it was late, she also attempted to invoke rule 306a. Her motion was unverified. The trial court heard the motion and reinstated Gillis' action. The supreme court, as the majority points out, acknowledge that the record did not reflect what happened at that hearing and that the order of reinstatement did not recite the trial court's findings. Nonetheless, the supreme court concluded:

> Unless a party establishes in the manner prescribed by the rule that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's power to reinstate a cause after dismissal expires thirty days after the order of dismissal is signed.

*Gillis*, 741 S.W.2d at 365 (citation omitted). Despite this language, the majority reads *Gillis* as if it were only a defective-record case.

The clear language of these two cases when taken together means that when a rule of civil procedure requires a post-judgment motion to be verified, the verification is a jurisdictional prerequisite. Absent verification, the trial court is without jurisdiction to render a decision, and the appellate timetable is not extended. *Gillis*, 741 S.W.2d at 366.

The majority reasons that although Thermex did not verify its motion as required by rule 306a, Thermex still managed to present its case in chief to the trial court in a timely fashion. In my view, in order to prevail on a rule 306a motion, the proponent must undergo a two-step process. The first step is to make out a prima facie case by a sworn motion as required by rule 306a. Thermex failed to accomplish the first step, and it did not invoke the trial court's jurisdiction to make further inquiry as the second step of the required procedure. Consequently, the trial court was without jurisdiction to hold the hearing and make the findings of fact that it made. *See Malik v. Hidden Valley Civic Club*, 601 S.W.2d 59, 61 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 450 U.S. 980, 101 S.Ct. 1513, 67 L.Ed. 2d 814 (1981). I would hold that Thermex cannot now rely upon that finding to show that its appeal was timely perfected.

The majority makes a valiant effort to distinguish the cases cited from the instant case by suggesting that the Supreme Court's language is broader than the Supreme Court could have intended. The majority's struggle to save Thermex's appeal by a liberal construction of the rule is generous. It may be, as the majority implies, that Thermex has certain equities on its side. Equitable considerations, however, cannot expand our jurisdiction. *Sifuentes v. Texas Employers' Ins. Ass'n*, 754 S.W.2d 784, 789 (Tex.App.—Dallas 1988, no writ). The majority's rationale is not sufficient to lead one to believe that the

Supreme Court meant anything other than what it said.

I conclude that the law is clear that where a postjudgment motion is required by rule to be verified, that verification is a jurisdictional prerequisite, and Thermex simply did not meet the jurisdictional prerequisite to bring this appeal. I would hold that Thermex did not timely perfect this appeal and that it should be dismissed for want of jurisdiction.