In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00137-CV


______________________________




ROBERT LISTER, Appellant



V.



M. WESLEY WALTERS, Appellee




 


On Appeal from the County Court at Law


Harrison County, Texas


Trial Court No. 2007-7515-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Robert Lister had some Harrison County lands which he wanted to have cleared for
agricultural use and M. Wesley Walters performs that type of work using a bulldozer. They each
apparently believed that they had entered into an oral agreement for Walters to perform this clearing
work. Work was performed by Walters, and Lister paid Walters money.

 At first blush and up to this point, it would sound as if a common gentlemen's handshake
agreement had been reached. However, as is often the case with such handshake agreements, a
dispute arose between the gentlemen regarding the particulars of what they believed they had agreed
upon and Lister, proceeding pro se, filed suit in justice court, claiming (among other things) that
Walters had failed to perform within what he alleged was the agreed-upon period of time; Lister
further claimed that he had been forced to hire someone else to complete the work. Lister claimed
damages of $2,850.00 incurred by him in retaining another person to complete the project. Walters
denied that he promised to complete the work within the time frame which Lister testified was a part
of the agreement. The justice court awarded Lister a judgment for $1,400.00, and Walters appealed
to the County Court at Law of Harrison County. The county court at law held a trial de novo in
which both parties appeared pro se. After a very informal hearing, the court found no oral contract
had been formed because "there was never a meeting of the minds between these two parties." On
his pro se appeal, Lister argues the trial court erred (1) by failing to administer the oath to the
witnesses and (2) by failing to record testimony. (1)

 This Court is without jurisdiction to review a county court at law's judgment in the appeal
of a small claims case. Sultan v. Mathew, 178 S.W.3d 747, 752 (Tex. 2005); (2) see Woodlands
Plumbing Co. v. Rodgers, 47 S.W.3d 146, 149 (Tex. App.--Texarkana 2001, pet. denied). Bearing
this principle in mind, we must determine whether this action was decided by a small claims court. 
The Texas Government Code provides that a small claims court has concurrent jurisdiction with the
justice court and the justice of the peace shall sit as the judge of the small claims court. Tex. Gov't
Code Ann. § 28.002 (Vernon 2004), § 28.003 (Vernon Supp. 2007). We note that several of the
documents in the record contain the caption "IN JUSTICE COURT PRECINCT 2" and several of
the documents contain the seal of the justice court. See Tex. Gov't Code Ann. § 28.006 (Vernon
2004) (describing seal of a small claims court). However, the caption of Lister's petition provides
"IN SMALL CLAIMS COURT PRECINCT 2" and the petition complies substantially with the form
for actions in small claims courts. See Tex. Gov't Code Ann. § 28.012 (Vernon 2004) (providing
a form for small claims court petitions). The judgment signed by the justice of the peace contains
the caption "IN SMALL CLAIMS COURT PRECINCT 2." The record does not contain any order
or docket entry transferring the case from the small claims court to the justice court. As such, we
conclude this case was filed in small claims court and we lack jurisdiction over this appeal. 

 We dismiss this appeal for want of jurisdiction.




 Bailey C. Moseley

 Justice


Date Submitted: February 19, 2008

Date Decided: February 22, 2008


1. Even if we had jurisdiction over this appeal, Lister failed to preserve these issues for
appellate review. Texas law is well settled that "[a] party proceeding pro se must comply with all
applicable procedural rules" and is held to the same standards as a licensed attorney. Weaver v. E-Z
Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.); see Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978). Because Lister failed to object, Lister waived any
error concerning the failure to administer the oath. Trammell v. Mount, 68 Tex. 210, 215, 4 S.W.
377, 379 (1887); De La Garza v. Salazar, 851 S.W.2d 380, 383 (Tex. App.--San Antonio 1993, no
writ). Assuming a hearing occurred which is contained in the record, Lister failed to object to the
failure of a court reporter to record the proceedings. Rittenhouse v. Sabine Valley Ctr. Found., Inc.,
161 S.W.3d 157, 162 (Tex. App.--Texarkana 2005, no pet.); Reyes v. Credit Based Asset Servicing
& Securitization, 190 S.W.3d 736, 740 (Tex. App.--San Antonio 2005, no pet.); see Tex. R. App.
P. 33.1(a). Lister has not directed this Court to where he requested any exhibits to be admitted into
evidence. "To preserve error concerning the exclusion of evidence, the complaining party must
actually offer the evidence and secure an adverse ruling from the court." Perez v. Lopez, 74 S.W.3d
60, 66 (Tex. App.--El Paso 2002, no pet.). 
2. Justice Hecht notes in his dissenting opinion that an appellate court would have jurisdiction
over an appeal from the decision of a county court or a statutory county court "appealed from a
justice court," but would not have jurisdiction over a judgment "rendered by county court or a
statutory county court in a case appealed from a small claims court." Sultan, 178 S.W.3d at 753
(Hecht, J., dissenting). Justice Hecht argued the court should interpret Section 28.053(d) of the
Texas Government Code to mean the judgment is final and appealable. Id.; see Tex. Gov't Code
Ann. § 28.053(d) (Vernon 2004). According to Justice Hecht, "[t]he jurisdictional structure of the
Texas court system is unimaginably abstruse," and the court should have seized the opportunity to
increase uniformity and simplicity of the jurisdictional structure. Id. We are obligated to follow the
majority opinion of the Texas Supreme Court. 


me="Colorful Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00144-CR

                                                ______________________________

 

 

                              CLARENCE LODELL PIERCE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 07F0422-005

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            There is no
doubt that Clarence Lodell Pierce shot and killed Kevin Haynes.  He admitted it.  The sole question on appeal is whether the
evidence is factually sufficient to support Pierces murder conviction[1]
on the issue of self-defense.  We affirm
the judgment, because we find the evidence sufficient.

            The evidence
shows that Haynes entered Pierces home, confronting him over a venomous verbal
conflict between the two mens girlfriends:  Roslyn, who had once been Pierces girlfriend,
but was now Haynes girlfriend, and Bobbie, Pierces current girlfriend.  At the time, those individuals and several
others were all in Pierces home playing cards. 
The evidence shows that Roslyn left and went to complain to Haynes about
being mistreated.  Haynes came into the house
cursing and posturing, demanding that Pierce control his current girlfriends
mouth, and accusing Pierce at one point of hitting Roslyn.  Pierce testified that he was in a back room
when he heard Haynes come in demanding to talk to him, that he anticipated
trouble, and that he retrieved his pistol and put it in his pocket.  There was evidence that Haynes had his hand
in his jacket and that Pierce
asked Haynes to leave.  However, there is
also evidence that, at the time of the shooting, Haynes was outside the home,
had not produced a weapon, and had made no threatening gestures toward Pierce.[2]

            In conducting a factual sufficiency review,
we consider the evidence in a neutral light. 
Watson v. State, 204 S.W.3d 404, 41415 (Tex. Crim. App. 2006).  We may find evidence factually insufficient if
(1) the evidence supporting the conviction is too weak to support the fact-finders
verdict, or (2) considering conflicting evidence, the fact-finders verdict is
against the great weight and preponderance of the evidence.  Laster v. State, 275 S.W.3d 512, 518
(Tex. Crim. App. 2009).  In so doing, we
may find the evidence insufficient when necessary to prevent manifest
injustice.  Id.  Although we give less deference to the
verdict in a factual sufficiency review, we will not override the verdict
simply because we disagree with it.  Id.  Both legal and factual sufficiency are
measured by the elements of the offense as defined by a hypothetically- correct
jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273
S.W.3d 273, 280 (Tex. Crim. App. 2008).

            In raising
the justification of self-defense, a defendant bears the burden of production,
which requires the production of some evidence that supports the particular
justification.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); Saxton v. State, 804 S.W.2d 910, 913
(Tex. Crim. App. 1991).  Once the
defendant produces such evidence, the State then bears the burden of persuasion
to disprove the raised defense beyond a reasonable doubt.  Zuliani,
97 S.W.3d at 594; Saxton, 804 S.W.2d
at 91314.  The burden of persuasion does
not require the production of evidence, but rather only requires that the State
persuade the jury beyond a reasonable doubt that the defendant did not act in
self-defense.  Zuliani, 97 S.W.3d at 594; Saxton,
804 S.W.2d at 91314; Kelley v. State,
968 S.W.2d 395, 399 (Tex. App.Tyler 1998, no pet.).

            Thus, in a
factual-sufficiency review of the rejection of a self-defense claim, we view
all of the evidence in a neutral light and [ask] whether the States evidence
taken alone is too weak to support the finding and whether the proof of guilt,
although adequate if taken alone, is against the great weight and preponderance
of the evidence.  Zuliani, 97 S.W.3d at 595.  A
verdict of guilt results in an implicit finding against the defensive
theory.  Id. at 594; Saxton, 804
S.W.2d at 914. Loun v. State, 273
S.W.3d 406, 410 (Tex. App.Texarkana 2008, no pet.). 

            In our
review of the evidence for sufficiency, we examine all of the evidence under the
standards set out above, and then further determine whether any rational trier
of fact could have found, beyond a reasonable doubt, for the State on the
essential elements of the offense and on the self-defense issue.  Saxton,
804 S.W.2d at 914; Walker v. State,
291 S.W.3d 114, 11718 (Tex. App.Texarkana 2009, no pet.).

            In this
case, there is evidence from three witnesses that would support a conclusion by
the fact-finder that Pierce acted in self defense when he shot Haynesthat
Pierce could believe, due to Haynes words and physical actions that Haynes was
about to pull a gun out of his jacket and attack Pierce.  There is also evidence from one witness that
could support a conclusion that Haynes was not out of control, that he did not
threaten Pierce, and that he did not either orally or physically indicate that
he was armed.  That evidence supports a
conclusion that Pierce was not acting in self defense.

            Our review
is not based on the number of witnesses provided by one side or the other.  Impossibility is not shown, and counsel
exposed possible gaps in credibility for each witness.  In such a situation, the fact-finder has both
the duty and responsibility of sorting the evidence to reach a decision.  Even if contradictory witness testimony may
be compelling, the fact-finder is the sole judge of what weight to give to such
testimony.  Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  We should afford almost complete deference to
a jurys decision when that decision is based upon an evaluation of
credibility.  Id. (citing Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006)). 
Although there is testimony that could support a self-defense finding,
it is not so strong, and the States evidence to the contrary so weak, as to permit
us to second-guess the conclusion reached by the fact-finder.  The evidence is both legally and factually
sufficient to support the verdict, and the fact-finder could have found against
Pierce on his self-defense claim beyond a reasonable doubt.

            We affirm
the judgment.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          June
14, 2010

Date Decided:             July
7, 2010

 

Do Not Publish           

 

 

 

 

 











[1]In
a trial to the court, Pierce was convicted and sentenced to twenty-five years
imprisonment.

 





[2]Section
9.31 of the Texas Penal Code sets out the statutory definition of self-defense.  The statute was amended in 2007.  Act of Mar. 20, 2007, 80th Leg., R.S., ch. 1,§
2, 2007 Tex. Gen. Laws 1.  The later
version does not apply to this prosecution, as the offense occurred in February
2007, before the effective date of the amendment.